Argued November 8, 1977, affirmed January 24, 1978

PELAY, *Appellant,*
*v.*
PLOOG, *Respondent.*
(No. 389-440, SC 25147)

573 P2d 1229

Kenneth Bourne, Portland, argued the cause and filed a brief for appellant.

James H. Gidley, of Cosgrave & Kester, Portland, argued the cause and filed a brief for respondent.

Before Holman, Presiding Chief Justice, Howell and Lent, Justices, and Gillette, Justice pro tempore.

HOWELL, J.

**HOWELL, J.**

Plaintiff, personal representative of the estate of Norma Penchard, secured a default judgment in a personal injury action against the defendant. The judgment was set aside under ORS 18.160 for excusable neglect. At trial, the defendant prevailed on the merits. Plaintiff appeals, contending the trial court abused its discretion in setting aside the default judgment.

In March, 1971, plaintiff's decedent was involved in a three-car accident involving defendant and a third party.[1] In March, 1973, two days before the running of the statute of limitations, the complaint was filed against defendant. Service was made on the Motor Vehicles Division pursuant to ORS 15.190. In February, 1974, a default judgment was entered against defendant. Over two years later, defendant was contacted in Minnesota by plaintiff's counsel and informed of the judgment. He immediately moved to have the judgment set aside for excusable neglect under ORS 18.160.

■ Defendant, a Minnesota resident, came to Portland in 1969 to attend a Baptist seminary. He remained a student until graduation in June, 1972, which was approximately 15 months after the accident. When he left Portland to return to Minnesota, he left the address of his parents and of the church where he was to be a minister with the school, with his landlord, and with the tenants who moved into the apartment he vacated. He also filed an accident report with the police department. However, he did not leave a forwarding address with the post office nor did he notify the Motor Vehicles Division.[2]

---

[1] The personal injury action was brought by Norma Penchard. Subsequently, she died from causes not related to the accident, and her personal representative was substituted as plaintiff.

[2] While a more diligent search would probably have revealed defendant's address in Minnesota, the plaintiff was entitled to serve the defendant by substitute service on the Administrator of the Motor Vehicles

The plaintiff, in his appeal from the trial court's decision to set aside the default, argues that ORS 482.290 coupled with ORS 482.990 compels us to reverse the trial judge. ORS 482.290(2) provides:

"(2) Persons licensed as operators or chauffeurs under this chapter shall notify the division of any change of residence from that noted on their license as issued by the division or any change of name from that noted on their license as issued by the division, including a change of name by marriage. Notice shall be given in writing within 30 days after the date of the change. The notice shall indicate the old and new residence address or the former and new name and the number of the license then held. Upon receiving the notice, the division shall issue a license indicating the new name or residence address but bearing the same distinguishing number as the old license."

ORS 482.990 provided in part:

"(1) Except as otherwise provided in this section or elsewhere in the laws of this state, a violation of this chapter is a misdemeanor and is punishable, upon conviction, by a fine of not more than $500 or by imprisonment for not more than six months, or both."[3]

---

Division. The affidavit for substituted service stated that the defendant could not be found at the address given by defendant at the time of the accident or at the address furnished by defendant to the Administrator of the Motor Vehicles Division. The allegations complied with ORS 15.190 which allows for substituted service when the defendant cannot be found at either of the two addresses. ORS 15.190 was amended in 1969 and now states:

"(7) * * * Due diligence is satisfied when it appears from such affidavit that the defendant cannot be found residing at the address given by the defendant at the time of the accident, or residing at the most recent address furnished by the defendant to the Administrator of the Motor Vehicles Division, if it appears from the affidavit that inquiry at such address or addresses was made within a reasonable time preceding the service of summons or process upon the Administrator of the Motor Vehicles Division. * * *"

[3] ORS 482.290(2) has been slightly reworded and renumbered to 482.290(3) since the incidents in this case, but the substance of the statute remains the same.

ORS 482.990 as it applies to ORS 482.290 has been amended (ch 451, § 220, Or Laws 1975), and a violation of ORS 482.290 is presently a Class D traffic infraction.

■ Plaintiff's theory is that the defendant, by not informing the Motor Vehicles Division of his new out-of-state address, committed a misdemeanor, and the trial court abused its discretion in concluding that an act which constitutes a misdemeanor can ever be excusable under ORS 18.160, because such a conclusion would nullify the statute. Plaintiff's theory assumes the application of the statute to resident drivers who permanently move out of state. We cannot accept that assumption. The language of the statute supports the position that the statute was intended to apply only to residents who plan to continue to use their Oregon driver's license and not to holders of Oregon licenses who permanently leave the state. The last sentence of subsection (2) indicates that upon receiving the change of residence from a licensee, the Division should issue a new license with the correct address on it. The sentence indicates an intent to issue a new license after a change of address, and since one who has permanently moved from the state no longer needs an Oregon license, it would be illogical to conclude that the legislature intended the statute to apply to residents who have permanently left the state. We conclude that it does not.[4]

■■ The trial court had the benefit of the record and defendant's testimony and concluded that defendant had shown excusable neglect. Our review under ORS 18.160 is limited to determining whether the trial court abused its discretion in setting aside the default.

[4] ORS 15.190 was amended in 1973 and the following language relating to the duty of a resident who departs the state was added:

"(2) * * * Likewise, each resident of this state, who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision or liability and thereafter within three years departs from or cannot be found within this state appoints the Administrator of the Motor Vehicles Division as his lawful attorney for service of summons as provided in this section for nonresidents. Every motorist or user of the roads, highways and streets of this state shall forthwith notify the Administrator of the Motor Vehicles Division of any change in his or its address which occurs within three years of such accident or collision." Or Laws 1973, ch 60, § 1.

As the statute was amended in 1973, it is not applicable to the facts in this case.

*See, e.g., Lowe v. Institutional Investors Trust,* 270 Or 814, 529 P2d 920 (1974); *Fleetwood Investment v. Thompson,* 270 Or 584, 528 P2d 518 (1974). The defendant was not attempting to avoid service. When he graduated from the seminary he and his wife returned home to Minnesota. He had filed an accident report with the police. He did not leave until 15 months after the accident, and he had no knowledge of any impending action and, in fact, the action was not filed until almost two years after the accident. When he left Oregon he gave his forwarding address to his landlord, to the seminary and to the new tenants of his apartment.

Affirmed.