Argued and submitted July 28, affirmed September 22, 1980

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMES ROBERT CONNETT,
*Appellant.*

## (No. K 15186, CA 17224)

616 P2d 1191

Deane Sterndale Bennett, Portland, argued the cause and filed the brief for appellant.

Steven A. Todd, Certified Law Student, Salem, argued the cause for respondent. On the brief were James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and James E. Mountain, Jr., Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

Defendant appeals his conviction of the traffic offense of driving while suspended, ORS 487.560(1).[1] He claims there was insufficient evidence to support the verdict and that the court improperly failed to consider his affirmative defense that he lacked notice of his suspension, ORS 487.560(2)(b).[2]

On the date of trial, defendant appeared without counsel. After being fully advised of his right to have an attorney appointed by the court to represent him, he elected to represent himself. His case was tried to the court and he was found guilty of the offense.

■ To establish this traffic offense, the state must show the defendant was: (1) driving a vehicle on a public highway and (2) during a period when his license to do so was suspended. ORS 487.560(1); *State v. Harris,* 288 Or 703, 712, 609 P2d 798 (1980); *State v. Lawrence,* 36 Or App 733, 736, 585 P2d 727 (1978).

Only the sufficiency of proof as to the second element is in issue. At trial the state offered a certified copy of an order of suspension issued by the Department of Motor Vehicles to the defendant on January 17, 1979. The order included a certification that the suspension was in effect on the date of defendant's arrest. The court admitted the document as substantive proof of this element of the offense.

---

[1] ORS 487.560(1) provides:

"A person commits the crime of driving while suspended if he drives a motor vehicle upon a highway during a period when his license or permit to drive a motor vehicle or his right to apply for a license to drive a motor vehicle in this state has been suspended by a court or by the division or revoked by the division or if he drives a motor vehicle outside the restrictions of a license issued under ORS 482.475 or 482.477."

[2] ORS 487.560(2) provides:

"In a prosecution under subsection (1) of this section, it is an affirmative defense that:

"* * * * *

"(b) The defendant had not received notice of his suspension or revocation as required by ORS 482.570 or in the manner provided in paragraph (c) of subsection (3) of this section."

Defendant asserts on appeal that the suspension order was inadmissible for the purpose of proving the fact that his license was suspended on the date of his arrest.[3] He contends that the state failed to prove this essential element.

We need not reach the merits of this argument. In *State v. Applegate,* 39 Or App 17, 591 P2d 371, *rev den* (1979), we recently examined the so called "raise-or-waive" rule requiring that questions be raised at the trial level as a condition precedent to appellate review. We have held the rule equally applicable when a defendant chooses to represent himself at trial. *State v. Carsner,* 45 Or App 115, 608 P2d 560, *rev allowed* 289 Or 209 (1980); *State v. Reid,* 36 Or App 417, 585 P2d 411 (1978).

Defendant was fully advised of the risks of self representation. He, nonetheless, voluntarily chose to represent himself. When the suspension order was offered into evidence, the court specifically inquired whether he had an objection to its admission. Defendant made no objection on the ground now asserted. Neither did he move for a judgment of acquittal[4] based on this argument in the trial court. For these reasons, the matter was not properly preserved for our consideration.[5]

Defendant next claims the trial court improperly refused to consider his affirmative defense that he lacked notice of his suspension order, ORS 487.560(2)(b). The applicable notice was sent by cer-

---

[3] Defendant relies on *State v. Harris,* 288 Or 703, 609 P2d 798 (1980), decided after the trial of this case. Because we decline to reach the merits of defendant's argument, we need not address the application of *Harris* to this action.

[4] *See* ORS 136.445.

[5] Application of this rule is a matter of judicial discretion. The rule has not been applied where egregious error appeared on the face of the record, *State v. Lindsey,* 45 Or App 607, 609 P2d 386 (1980); *State v. King,* 42 Or App 721, 601 P2d 845 (1979), and in other proper situations. *State v. Reid,* 36 Or App 417, 585 P2d 411 (1978); *State v. Willy,* 36 Or App 853, 585 P2d 762 (1978).

tified mail restricted delivery, ORS 482.570,[6] to the defendant at his last known residence. The notice was returned with the notation that the addressee had moved leaving no forwarding address. Defendant testified he did not receive the notice.

The affirmative defense set out in ORS 487.560(2)(b) is not available to a defendant if the notice could not be delivered to him because he changed addresses without notifying the motor vehicles division of his new address, ORS 487.560(3)(b).[7] Defendant testified that he joined the armed services in November, 1978. He stated that he did not notify the motor vehicles division of a new mailing address because he regarded the address listed with the division to be his permanent address. He argues that he therefore had no obligation to comply with the statutory change of address requirements.

---

[6] ORS 482.570 provides:

"When the division, as authorized or required, suspends, revokes or cancels a license or the right to apply for a license to operate motor vehicles, it shall give notice of such action to the person whose license or right is affected. The notice shall state the nature and reason for the action and, in the case of a suspension, whether it was ordered by a court. Service of the notice is accomplished either by mailing the notice by certified mail restricted delivery, return receipt requested, to the person's address as shown by division records, or, by personal service in the same manner as a summons is served in an action at law."

[7] ORS 487.560(3) provides:

"The affirmative defense under paragraph (b) of subsection (2) of this section shall not be available to the defendant if:

"* * * * *

(b) The notice could not be delivered to the defendant because he had not notified the division of his address or a change in his residence as required by subsection (3) of ORS 482.290;

"* * * * *."

ORS 482.290(3) provides in pertinent part:

"Persons licensed as operators * * * shall notify the division of any change of residence from that noted on their license as issued by the division. Notice shall be given by mail or in person within 30 days after the date of the change. The notice shall be written and shall indicate the old and new residence address and the number of the license held. Upon receiving the notice, the division shall note the change of address on its records. * * *"

The trial court found that when the defendant entered the service, he in effect moved to a new address and was obligated to notify the division of this change. The notation on the suspension notice supports this finding. While in the service the defendant had a new address for receipt of mail. Nothing was offered to suggest otherwise, or that such an address could not have been provided to the motor vehicles division.

■     There is no exception in the statute for Oregon license holders who enter the armed forces.[8] The trial court's ruling that defendant was required to comply with ORS 482.290(3) was amply supported by the evidence. Having failed to notify the motor vehicles division of his change of address, defendant was not entitled to raise this affirmative defense.

Affirmed.

---

[8] Defendant's reliance on *Pelay v. Ploog,* 281 Or 59, 573 P2d 1229 (1978), is not persuasive. The court there clearly noted that the notice provisions of ORS 482.290(3) were inapplicable only to "* * * holders of Oregon licenses who permanently leave the state." 281 Or at 63. The evidence was clear that defendant did not fall within that class of licensees.