Argued and submitted October 10, reversed and
remanded for new trial November 30, 1983

# STATE OF OREGON,
*Respondent,*

*v.*

# ELIZABETH ANN WALP,
*Appellant.*

## (M3-28; CA A27763)

672 P2d 374

Thomas J. Crabtree, Bend, argued the cause for appellant. With him on the brief was Crabtree & Rahmsdorff, P.C., Bend.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

**YOUNG, J.**

Defendant appeals her conviction for driving under the influence of intoxicants. ORS 487.540. She assigns as error the denial of her motion to suppress. She relies on ORS 131.615 and the state and federal Constitutions. We determine that defendant was unlawfully stopped within the meaning of ORS 131.615 and reverse.

Shortly after midnight, two deputy sheriffs responded to a complaint about a party in a subdivision south of Bend. When the officers arrived, they saw a Volkswagen leave the area. The officers completed their investigation and, as they prepared to leave, the Volkswagen returned to the area, turned around and proceeded to drive away. Defendant was driving. The officers followed closely for some distance in their marked police car. Defendant turned onto Knott Road, traveled about 100 yards and pulled onto the shoulder and stopped. The officers turned on their overhead lights and pulled up behind the car. The arresting officer approached defendant and asked for her driver's license. He detected an odor of alcohol on her breath. A DUII investigation was conducted and defendant was arrested. The officer testified that he had observed no traffic violation, that he did not suspect that a crime was being committed and that the reason he contacted defendant was to determine if she was having mechanical difficulty.

We address statutory issues before reaching constitutional claims. *State v. Lowry,* 295 Or 337, 667 P2d 996 (1983). The question is whether defendant was stopped within the meaning of ORS 131.615(1):

> "A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that he is a police officer, make a reasonable inquiry."

One test to determine whether an encounter is a stop is whether the police, through physical force or a show of authority, restrained the liberty of the person encountered so that a reasonable person would not feel free to refuse to cooperate or leave the scene. *State v. Spenst,* 62 Or App 755, 758, 662 P2d 5 (1983); *State v. Hanna,* 52 Or App 503, 628 P2d 1246, *rev den* 291 Or 662 (1981). The issue is whether the use

of the emergency lights after defendant had voluntarily stopped constitutes an unlawful stop under ORS 131.615(1).

In *State v. Spenst, supra,* the police followed defendant's vehicle closely for some distance before defendant voluntarily pulled over and stopped. We decided that, because the officer did not use his emergency lights, there was no use of physical force or show of authority. "Because defendant had stopped voluntarily, the location of the police car did not force him to alter his conduct; he was free to drive away." *State v. Spenst, supra,* 62 Or App at 759.

■ In this case, defendant had pulled over voluntarily and stopped. A reasonable person would not feel free to drive away once the officer turned on the emergency lights. Use of the overhead lights was a sufficient show of authority.[1] The officers had no reasonable suspicion to believe that she had committed a crime. The stop was invalid and the motion to suppress should have been granted.

Reversed and remanded for a new trial.

---

[1] Continuing to drive after the lights are activated is an offense. ORS 487.555 provides:

"(1) A driver of a motor vehicle commits the crime of fleeing or attempting to elude a police officer if, when given visible or audible signal to bring the vehicle to a stop, he knowingly flees or attempts to elude a pursuing police officer.

"(2) The signal given by the police officer may be by hand, voice, emergency light or siren."