Argued and submitted September 25, 1985, reversed and remanded for new trial
January 29, 1986

## STATE OF OREGON,
*Respondent,*

*v.*

## RONALD LEROY STONER,
*Appellant.*

(M440419; A36112)

713 P2d 637

Garrett A. Richardson, Portland, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

GILLETTE, P. J.

Defendant appeals his conviction for driving under the influence of intoxicants. *Former* ORS 487.540.[1] He assigns as error the denial of his motion to suppress evidence obtained as a result of the stop of his automobile on the ground that the police did not have sufficient cause to stop him. He also assigns the admission into evidence of an alcohol breath test equipment certificate on the ground that the certificate denied him his constitutional right to confront a witness and that the certification of "accuracy" was not shown to comply with the statutory requirements. *Former* ORS 487.815(3)(c).[2] We reverse and remand.

Defendant argues that there was no justification for stopping him, because the police officer did not have cause to believe that a crime had been committed or that a traffic violation had occurred.

The state's only witness at the pretrial hearing was the arresting officer, Venemon. She testified that she was westbound on S.E. Powell Boulevard in Portland at approximately 12:40 a.m., on March 27, 1984. Powell is composed of five lanes in that area; two lanes in each direction, east and west, and a center lane which is designated as a "turn refuge." The center lane allows cars traveling in either direction to get out of the flow of traffic and make left turns onto other public streets or onto private property. Venemon said that arrows were painted in the lane "every fourth of a block" and that "[t]he object of the arrows is not to drive over other arrows, though."

Venemon said she saw defendant pull into the center lane but, instead of turning immediately, he drove "a block" before turning left. The officer said that, because oncoming traffic has the same privilege of using the lane for left turns, the lane is not to be used for driving. Venemon said she pulled in behind defendant as "soon as he drove down the lanes" and

---

[1] *Former* ORS 487.540 was repealed by Or Laws 1983, ch 338, § 978 and replaced by Or Laws 1983, ch 338, § 587, *as amended by* Or Laws 1985, ch 16, § 293 (now ORS 813.010), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

[2] *Former* ORS 487.815(3)(c) was repealed by Or Laws 1983, ch 338, § 978, and replaced by Or Laws 1983, ch 338, § 173, *as amended by* Or Laws 1985, ch 16, § 57; ch 337, § 2 (now ORS 813.160), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

turned on her overhead lights to pull him over. On cross-examination, Venemon was unable to draw a diagram of the area and could not relate where she had first observed defendant enter the center lane or where she had eventually stopped him. She was only able to point to the location of several businesses south of Powell and to relate general directional references.

Defendant introduced in evidence three photographs of the area in question, which he identified as accurate photographs of the physical layout. The photographs rebutted Venemon's testimony that there were arrows every fourth of a block. Instead, arrows were located at approximately each end of the block, one for traffic flowing in each direction.

■   ORS 131.615(1) provides that a police officer may stop and question a person if the officer "reasonably suspects" that the person has committed a crime. *See also State v. Walp,* 65 Or App 781, 784, 672 P2d 374 (1983). The state argued to the trial court that the commission of any traffic infraction at the late hour of 12:40 a.m.. was, itself, cause to suspect that a driver was driving while under the influence of intoxicants. The trial judge rejected this suggestion. We agree.

Citing *State v. Tucker,* 286 Or 485, 595 P2d 1364 (1979), the state argues in the alternative that a police officer may stop a person if the officer observes the commission of a traffic offense. The statutory authorization for such a stop is found in ORS 133.072(2), which provides:

> "The peace officer may stop and detain a person for a violation offense for the purposes of investigation reasonably related to the violation offense, identification of the person and issuance of a citation to the person."

*See also State v. Fleming,* 63 Or App 661, 665 P2d 1235 (1983). The question before the trial court was, therefore, whether a traffic offense had been committed, a point properly recognized by the judge during the state's closing argument:

> "[JUDGE]: I want to know, specifically, what traffic violation, if any, he committed. That's what I want to know."

The trial judge requested that a specific statute, which the defendant had purportedly violated, be identified.

After a short recess, the state argued that defendant had violated *former* ORS 487.120(1):[3]

> "A driver commits the offense of failure to obey an official traffic control device if he does not obey the directions of an official traffic control device except when:
>
> "(a) He is otherwise directed by a police officer; or
>
> "(b) He is driving an authorized emergency vehicle or ambulance and lawfully exercising the related privileges granted by ORS 487.075 or 487.085."

Specifically, the state argued that defendant drove over a crosswalk area and a directional left turn arrow painted in the lane for cars traveling in the opposite direction. Defendant objected to the state's argument on the ground that no evidence had been introduced establishing the facts asserted by the state. The trial judge then ruled on the motion:

> "All right, I'm going to deny the motion, because, the uh, the evidence supports that he crossed at least one left hand, ah, turning lane, and ignored that and went around and over across the crosswalk and down and over the left hand turning lane northbound. And, ah, it's a close question, but, I'm going to hold that that is an official traffic control device. Motion denied."

As a general rule, we will not disturb a trial judge's finding of historical facts if the evidence is sufficient to support them. *Ball v. Gladden,* 250 Or 485, 487-88, 443 P2d 621 (1968). We find, however, that the evidence in this case does not support the findings of the trial judge.

We cannot find anywhere in the record evidence that defendant either drove over a crosswalk or a directional arrow for oncoming traffic. The only reference to any such allegation came from the district attorney during her closing statements. Because there is no evidence in the record that defendant had committed a traffic violation and because the officer stated no other ground for stopping defendant, we find that there was no proper basis articulated for the stop. It was therefore invalid. The trial judge erred in denying defendant's motion to suppress.

---

[3] *Former* ORS 487.120(1) was repealed by Or Laws 1983, ch 338, § 978 and replaced by Or Laws 1983, ch 338, § 608 (now ORS 811.265(1)), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

Reversed and remanded for a new trial.[4]

---

[4] Defendant's hearsay and confrontation objections to the introduction of the breath testing equipment certificates have been previously raised and resolved in *State v. Smith,* 66 Or App 703, 675 P2d 510 (1984), and *State v. Conway,* 70 Or App 721, 690 P2d 1128 (1984), *rev den* 298 Or 704 (1985).

Defendant's third assignment of error is without merit.