## STATE OF OREGON,
*Respondent,*

*v.*

## FAITH MARIE STRALEY,
*Appellant.*

(M84-1095; CA A36523)

717 P2d 638

Philip M. Suarez, Roseburg, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

Defendant appeals her conviction for the traffic crime of driving while suspended. *Former* ORS 487.560(1) (now ORS 811.175(1)(a)). She claims that the trial court improperly rejected her lack of notice defense and that the notice of pending suspension sent to her by the Motor Vehicles Division (MVD) was constitutionally deficient. We affirm.

On April 17, 1984, MVD sent notice to defendant, in accordance with *former* ORS 482.570[1] (now ORS 809.430), that, effective May 7, 1984, her driver's license and right to apply for a new license would be indefinitely suspended for failure to appear in court. Defendant did not receive the notice. On September 3, 1984, she was arrested for driving while suspended.

Defendant contends that, because she did not receive notice of the pending suspension, she may assert the affirmative defense of lack of notice set forth in *former* ORS 487.560(2)(b) (now ORS 811.180(1)(b)), which provided that, in a prosecution for driving while suspended, "it is an affirmative defense that * * * [t]he defendant [did] not receive notice of the defendant's suspension * * * as required by ORS 482.570 * * *." The state contends that *former* ORS 487.560(3)(b) precluded the availability of the defense, because it was not available if:

> "The notice [of the pending suspension] could not be delivered to the defendant because the defendant had not notified the division of the defendant's address or a change in the defendant's residence as required by [*former*] ORS 482.290 (3) [now ORS 807.560]."

*Former* ORS 482.290(3) provided that persons "licensed as operators" must notify the MVD of any change of residence

---

[1] *Former* ORS 482.570 provided:

"When the division, as authorized or required, suspends, revokes or cancels a license or the right to apply for a license to operate motor vehicles, it shall give notice of such action to the person whose license or right is affected. The notice shall state the nature and reason for the action and, in the case of a suspension, whether it was ordered by a court. Service of the notice is accomplished either by mailing the notice by certified mail restricted delivery, return receipt requested, to the person's address as shown by division records, or, by personal service in the same manner as a summons is served in an action at law."

from that noted on their license within 30 days of the date of the change.

The trial court found that defendant failed to receive the notice of suspension because she had moved to Klamath Falls on April 6, 1984, where she remained until June 1, 1984. MVD mailed the notice of pending suspension 11 days after defendant went to Klamath Falls.[2] She did not notify MVD of her move. She argues that she is, nevertheless, entitled to assert the defense because, on the same day that she moved to Klamath Falls, her driver's license expired. She claims, therefore, that she was no longer a "person licensed as an operator" subject to the reporting requirements of ORS 482.290(3).

We agree that defendant was not subject to *former* ORS 482.290(3) after her driver's license expired. However, we do not agree that, for that reason, she is entitled to rely on the lack of notice defense if she has not advised the MVD of her new address. *Former* ORS 487.560(3)(b) clearly conditioned the availability of the defense on the timely reporting of changes in address. We do not believe that the legislature intended that defendants who fail to renew their licenses before the expiration date should benefit from their neglect.

Defendant's contention that the notice sent was constitutionally deficient is without merit. *State v. Kauk,* 78 Or App 163, 714 P2d 635 (1986).

Affirmed.

---

[2] The trial court's findings are supported by the evidence, notwithstanding defendant's contention that she was merely visiting her sister in Klamath Falls.