Argued and submitted May 31, reversed and remanded for trial July 13, 1988

STATE OF OREGON,
*Appellant,*

*v.*

BRYAN F. HIBLER,
*Respondent.*

(M712154; CA A47109)

757 P2d 864

Frank Gruber, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James D. Lang, Metropolitan Public Defender Services, Inc., Portland, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

## GRABER, J.

Defendant was charged with driving under the influence of intoxicants (DUII). ORS 813.010. The state appeals an order suppressing evidence seized after a stop of defendant.[1] ORS 138.060(3). We reverse.

These facts are not disputed: Shortly after midnight, while on patrol, Portland police officers Savage and Bechard drove up behind defendant's car, which was stopped at a traffic light. The light was green for defendant. As the police car drove up behind it, defendant's car did not move, but remained stationary for 15 to 30 seconds while defendant talked with or yelled at a pedestrian on the sidewalk. When defendant pulled away from the intersection, he "accelerated rapidly" and sprayed gravel back against the police car. The police followed defendant. He accelerated up to the 30-miles-per-hour speed limit, slowed to 15 miles per hour and again accelerated rapidly to 30 miles per hour, a sequence he repeated two or three times over a distance of about ten blocks. Savage then activated his siren once and turned on the roof lights. Defendant did not pull over but continued for about four blocks. Savage again sounded his siren, and defendant drove another block and a half before pulling over. The two officers testified that they stopped defendant because, in their experience, his driving was characteristic of a person driving under the influence of intoxicants.

■ ORS 131.615(1) provides that a police officer may stop a person if the officer "reasonably suspects"[2] that the person "has committed a crime." The standard of reasonable suspicion must be met by an objective test of observable facts. *State v. Valdez,* 277 Or 621, 629, 561 P2d 1006 (1977). The experience of the officers making the stop may be considered. *See State v. Chambers,* 69 Or App 681, 686, 687 P2d 805 (1984).

---

[1] After the notice of appeal was filed in this court, the trial court entered a notation on the complaint that the case had been dismissed. The trial court had no jurisidiction to dismiss the case. *Murray Well-Drilling v. Deisch,* 75 Or App 1, 9, 704 P2d 1159 (1985), *rev den* 300 Or 546 (1986).

[2] " 'Reasonably suspects' means that a peace officer holds a belief that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts as authorized in ORS 131.605 to 131.625." ORS 131.605(4).

Here, two experienced officers observed defendant stopped at a green light, talking to or yelling at a pedestrian; he pulled away so quickly that his car sprayed gravel. The officers then observed defendant rapidly accelerate and decelerate, two or three times in ten blocks. Considered together, those facts are sufficient objective, articulable reasons to justify the officers' suspicion that defendant was committing the crime of driving under the influence.[3] The trial court erred in granting the motion to suppress.

The trial court relied, and defendant now relies in part,[4] on *State v. Stoner,* 77 Or App 389, 713 P2d 637 (1986), which, like the present case, involved a DUII stop. On appeal, the state advanced two theories to justify the stop. The first was the same one presented here, the application of ORS 131.615(1). We agreed with the trial court that the commission of a traffic offense at 12:40 a.m., without more, did not give rise to a "reasonable suspicion" of driving under the influence. *State v. Stoner, supra,* 77 Or App at 392.

In *Stoner,* the state also relied on ORS 133.072(1) and (2), which provide, respectively:

> "When a person has committed a violation as defined in ORS 161.565 in the presence of a peace officer, the officer may issue and serve a citation to the person as provided in ORS 133.055 and 133.065.

> "The peace officer may stop and detain a person for a violation offense for the purposes of investigation reasonably related to the violation offense, identification of the person and issuance of a citation to the person."

The trial court in *Stoner* had found that a violation had been committed in the officer's presence and upheld the stop. On appeal, we found *no* evidence to support that finding and, therefore, reversed. *State v. Stoner, supra,* 77 Or App at 393.

---

[3] In the light of our holding that there was a basis for a reasonable suspicion before Savage used the siren and lights, we need not decide precisely when the stop occurred. *See State v. Dubois,* 75 Or App 394, 706 P2d 588, *rev den* 300 Or 451 (1985).

[4] Defendant also relies on numerous other cases that have considered the validity of DUII stops. *See, e.g., State v. Ratliff,* 82 Or App 479, 728 P2d 896 (1986), *aff'd* 304 Or 254, 744 P2d 247 (1987); *State v. Faulkner,* 89 Or App 120, 747 P2d 1011 (1987). Although those cases are instructive, they are not controlling. Whether reasonable suspicion exists depends on the totality of the facts and circumstances of each case. *See* ORS 131.605(4); *State v. Jones,* 23 Or App 706, 709, 543 P2d 1103 (1975), *rev den* (1976).

■ The trial court in this case apparently read *Stoner* to mean that the police must always actually observe a traffic infraction in their presence before they may stop someone for DUII. That reading is wrong. The stop is valid under ORS 131.615(1).

Reversed and remanded for trial.