Argued and submitted July 15, 1988, affirmed November 15, 1989, reconsideration denied February 9, petition for review denied March 6, 1990 (309 Or 441)

# STATE OF OREGON,
*Respondent,*

*v.*

# RONALD DAVID HAYES,
*Appellant.*

## (M491470; CA A47365)

782 P2d 177

David T. McDonald, Portland, argued the cause and filed the brief for appellant.

Richard W. West, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

Richardson, P. J., dissenting.

**JOSEPH, C. J.**

Defendant appeals his conviction for driving while suspended. *Former* ORS 811.175(1)(a). He contends that the initial stop of his vehicle was unlawful and that, therefore, the evidence obtained after the stop should be suppressed. He also contends that the court erred in rejecting his defense that he had not received notice of the suspension. We affirm.

The arresting officer followed defendant's vehicle after he had received a radio report concerning it. The record does not disclose the substance of the report. While following the vehicle, the officer ran a radio check on its Washington license plate number. The response was "unable to locate." He stopped defendant's vehicle, because that response indicated that the vehicle might not be properly registered. After obtaining defendant's identification, he made additional radio checks and discovered that the vehicle was properly registered but that defendant's Oregon driving privileges had been suspended. Defendant was not given a citation for improper registration but was cited for driving while suspended.

On the first assignment, about the legality of the stop, defendant agrees that an officer may stop a motorist if he sees the commission of a traffic infraction. Citing *State v. Hart,* 85 Or App 174, 735 P2d 1283 (1987), and *State v. Stoner,* 77 Or App 389, 713 P2d 637 (1986), he argues that the officer's belief that a traffic infraction has been committed in his presence does not authorize a stop under ORS 810.410, if the infraction is later shown not to have occurred. In each of those cases, the facts observed by the officer, even if true, did not constitute a violation of any traffic law. In *Hart,* the defendant was stopped after turning left from a left turn lane without waiting for a green signal. The signal light had malfunctioned and was not lighted. In *Stoner,* the defendant was stopped after he drove about one block in a center left hand turn lane.

Here, the information that the officer had just before the stop gave him a reasonable basis for a belief that defendant's vehicle was not properly registered. That would be a violation of ORS 803.300, a Class C traffic infraction. Only after that lawful stop did the officer learn that the vehicle was properly registered and, at the same time, that defendant's license was suspended. The stop was valid, and the court did not err in denying the motion to suppress.

■     Defendant's other assignment is that the court erred by rejecting his affirmative defense that he had not received notice of the suspension. ORS 811.180(1)(b). Under ORS 811.180(2)(b) the defense is not available to a "defendant [who has] failed to comply with the requirements under ORS 807.560 to notify [MVD] of a change of address or residence." Defendant argues that, because he had permanently moved to Washington, he was not required to notify MVD of his new address and is not foreclosed from the affirmative defense.

■     Defendant would have the benefit of the defense (and the dissent says that he ought to have that benefit), even though he admits that he did not even attempt to comply with ORS 807.560. He (and the dissent) read *Pelay v. Ploog*, 281 Or 59, 573 P2d 1229 (1978), to say that every person who has permanently moved from Oregon gains permanent immunity from the Oregon law against driving while suspended or revoked, ORS 811.175, *just because* he failed to notify MVD of his new address. *Pelay* cannot be read that broadly.

In *Pelay* the plaintiff had secured a default judgment in a personal injury action. The defendant got the judgment set aside under former ORS 18.160 on the ground of excusable neglect. On appeal the plaintiff contended that the trial court had abused its discretion in setting aside the judgment. The defendant, identified by the court as "a Minnesota resident, [who] came to Portland in 1969 to attend a Baptist seminary," was involved in an accident with the plaintiff in 1971. He finished his schooling and returned to Minnesota in 1972, without any specific or general intention of exercising privileges accorded him by Oregon in granting him a driver's license. The plaintiff sued him in Oregon in 1973 and served him through the Motor Vehicles Division. Defendant had obtained an Oregon driver's license while he was in school, and he did not notify MVD of his change of address when he returned to Minnesota. The plaintiff took a default judgment; more than two years later the defendant found out about the judgment and immediately moved to set it aside.[1]

In challenging the trial court's action, the plaintiff

---

[1] The plaintiff was entitled to serve the defendant through MVD, because the defendant could not be found at the address furnished by him to MVD. No issue about service is discussed in the opinion.

argued that the judge had no discretion, because the defendant had failed to give MVD notice of his change of address pursuant to *former* ORS 482.290(2); he had therefore committed a misdemeanor under *former* ORS 482.990(1) and, as the court stated the plaintiff's theory, "an act which constitutes a misdemeanor can [n]ever be excusable * * *, because such a conclusion would nullify the statute."

The court rejected the theory, because

"[t]he language of the statute supports the position that the statute was intended to apply only to residents who plan to continue to use their Oregon driver's license and not to holders of Oregon licenses who permanently leave the state. The last sentence of [*former* ORS 482.290(2)[2]] indicates that upon receiving the change of residence from a licensee, the Division should issue a new license with the correct address on it. The sentence indicates an intent to issue a new license after a change of address, and since one who has permanently moved from the state no longer needs an Oregon license, it would be illogical to conclude that the legislature intended the statute to apply to residents who have permanently left the state. We conclude that it does not." 281 Or at 63. (Footnote omitted.)

The court then went on to say that, on the facts in the record, aside from the defendant's failure to give the notice, the trial court did not abuse its discretion in setting aside the default judgment.

*Pelay* does not control this case, because the facts and the statute involved here are different. The defendant there was treated by the Supreme Court as having only been in Oregon "temporarily" when he acquired his license. When he left, after finishing school, it was to *return* to his permanent home. He had no intention of driving in Oregon again. In those circumstances, the *Pelay* court reasoned, a holder of an Oregon license has no need for an Oregon license, and a change of address notification would be a needless formality that the legislature would not have intended. *Pelay* does not, by its language, apply to holders of Oregon licenses or residents of Oregon who intend to use their Oregon licenses or to

---

[2] The cited sentence read:

"Upon receiving the notice, the division shall issue a license indicating the new name or residence address but bearing the same distinguishing number as the old license."

exercise Oregon driving privileges after moving from the state.[3] Defendant here was stopped while he was driving in Oregon, and it is a fair inference from the record that he presented an Oregon license to the officer.[4] The facts here are wholly unlike those in *Pelay,* and the reason for letting the defendant there "off the hook" is wholly lacking here.

Moreover, the precise statutory scheme involved in *Pelay* no longer exists. The legislature adopted a new Motor Vehicles Code in 1983. Or Laws 1983, ch 338. Present ORS 807.560 incorporates *only* the penal portion of *former* ORS 482.290(2), which was involved in *Pelay.* Because the dissent ignores post-*Pelay* legislative changes and fails to compare the new statute with *former* ORS 482.290(2), ORS 807.560 is set out in the margin.[5] The 1983 recodification separated the two subjects that *former* ORS 482.290(2) had covered: the offense of failing to give notice of a change of address and issuance of new licenses, which is now governed by ORS 807.160. Separa-

---

[3] "[T]he notice provisions of [*former*] ORS 482.290(3) [are] inapplicable only to '* * * holders of Oregon licenses who permanently leave the state.'" *State v. Connett,* 48 Or App 261, 266 n 8, 616 P 2d 1191 (1980). The defendant in *Connett* was denied the affirmative defense because he did not "permanently leave the state." He was a resident of Oregon who had an Oregon license but failed to notify DMV of his military address when he went in the service.

[4] Defendant's counsel told the court:

"Now generally what happens is * * * it's been my experience in living in a bunch of states is that I go and get a new license. And when I get a new license, I turn my old license in and, when I turn my old license in, the Department of Motor Vehicles is then notified that I have moved out of state and that I have a new address. Okay."

That strongly suggests that the only license defendant carried was his suspended Oregon license.

[5] ORS 807.560 provides:

"(1) A person to whom a license or driver permit is issued commits the offense of failure to notify upon change of driver address or name if the person does not notify the division in the manner described in subsection (2) of this section upon any change of the person's:

"(a) Residence from that noted on the person's license or driver permit as issued;

"(b) Name from that noted on the person's license or driver permit as issued, including a change of name by marriage; or

"(c) Place of employment, if the person is a police officer whose place of employment address is noted on division records in accordance with ORS 802.250.

"(2) Notice required under this section:

"(a) Must be given within 30 days of change.

"(b) Must be in writing and contain the old and new residence address or

tion of the subjects separated the duties. ORS 807.560 presently requires notice of an address change from any "person to whom a license or driver permit is issued." ORS 807.160(1)(b) now separately details the procedure for obtaining a replacement license. Thus, the statutory basis on which the reasoning in *Pelay* rests is different. *That is, the only relevant statute no longer says a word about issuing a new license after a change of address notice.*

Both ORS 807.560 and ORS 811.180(2) say very explicitly what they include, control and mean, and we cannot say that they do not mean what they say. *See State v. Straley,* 78 Or App 526, 717 P2d 638, *rev den* 301 Or 338 (1986). Even someone who moves away from Oregon permanently and never drives in the state again could commit the offense, but that has nothing to do with the matter at hand. Defendant wants to assert a defense for which he has failed to secure a foundation. The trial court properly denied him that.

Affirmed.

**RICHARDSON, P. J.,** dissenting.

I concur in the majority's treatment of the first assignment, but not the maltreatment of the second. Because the majority holds that the trial court correctly rejected defendant's affirmative defense and affirms the conviction, I dissent.

On March 3, 1986, the Motor Vehicles Division issued a notice of suspension of defendant's driving privileges. It provided, in material part:

"On January 13, 1986, you were convicted of driving uninsured. As a result of this conviction, you were required to file proof of future financial responsibility with the Motor Vehicles Division (DMV) in Salem. Because you have not filed this proof of future financial responsibility, your driving privilege

name.

"(c) Must contain the number of the license or driver permit held.

"(d) Must be given in person for a change of name.

"(e) May be given in person or by mail for a change of residence.

"(3) The offense described in this section, failure to notify upon change of driver address or name, is a Class D traffic infraction."

will be suspended by the Motor Vehicles Division (DMV) beginning at 12:01AM on the morning of April 02, 1986."

DMV mailed the notice on March 3, 1986, by certified mail to the address on defendant's Oregon driver's license. However, before that date, defendant had permanently moved to Washington and had not notified DMV of his move out of state. He did not receive the notice and, as the court found, had no actual knowledge of the suspension. On April 6, 1987, he was issued the citation in this case.

At trial, defendant asserted the affirmative defense under ORS 811.180(1)(b) that he had not received notice of the suspension. That defense is not available if

"[t]he notice of suspension or revocation could not be delivered to the defendant because the defendant failed to comply with the *requirements* under ORS 807.560 to notify the division of a change of address or residence." ORS 811.180(2)(b). (Emphasis supplied.)

ORS 807.560, so far as relevant, provides:

"(1)  A person to whom a license or driver permit is issued commits the offense of failure to notify upon change of driver address or name if the person does not notify the division in the manner described in subsection (2) of this section upon any change of the person's:

"(a)  Residence from that noted on the person's license or driver permit as issued:

"* * * * *

"(2)  Notice required under this section:

"(a)  Must be given within 30 days of change."

The court, even though it found that defendant had not received the notice, denied his motion for judgment of acquittal on the ground that, because he had not notified DMV of his new residence, he was foreclosed from the affirmative defense under ORS 811.180.

Defendant argues, citing *Pelay v. Ploog,* 281 Or 59, 573 P2d 1229 (1978), that, because he had permanently moved from Oregon, he was not required to notify DMV of his change of residence and was not prevented from using the defense of

"no notice." What the relevant statute says is that the affirmative defense is not available if the notice could not be delivered, because the defendant "failed to comply with the requirements under ORS 807.560." The "requirements" of ORS 807.560 are that certain persons, not including persons in the situation of defendant, must notify DMV of a change of residence. Defendant did not fail to comply with ORS 807.560; consequently, the interdiction of ORS 811.180(2)(b) simply does not apply. That is what the statute says, and that is what it means.

The majority distinguishes *Pelay* on the basis of factual differences and amendments of the statutes involved. I agree that there are factual differences. Defendant, in this case, did not attend the Baptist Seminary in Oregon and did not return to Minnesota to become a minister; otherwise, the two defendants are in the same position regarding the statute. That Reverend Ploog's sojourn in Oregon from 1969 until 1972 may be characterized as "temporary" is not material. Oregon does not recognize temporary licenses or provide that such residency is the factor that immunizes a person from reporting a change of address. Defendant in this case is in the same status as the defendant in *Pelay:* He had an Oregon license and moved permanently from the state. Neither person was required to give DMV notice of a change of residence.

I will not rescue ORS 807.560, ORS 807.160 and ORS 811.180(2) from the torture inflicted by the majority's statutory construction. Suffice it to say that the statutory scheme, despite renumbering, is in substance the same now as that applied by the court in *Pelay*.

I conclude that the defense was available to defendant and, because the court found that he had proven it, we should reverse the conviction. My colleagues in the present majority can then tender the problem that they perceive because of my interpretation to the legislature for it to adopt something similar to *former* ORS 15.190.