Submitted August 17, affirmed November 2, 2022, petition for review denied March 30, 2023 (370 Or 827)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHERRY KAY SULLIVAN,
*Defendant-Appellant.*

Polk County Circuit Court
19CR80246; A174938

520 P3d 911

Defendant appeals from a judgment of conviction for driving with a revoked license, ORS 811.182. She assigns error to the trial court's denial of her motion to suppress evidence. A deputy stopped defendant after a license plate check revealed that the vehicle that defendant was driving was not registered, which is a traffic violation. Defendant contends that the deputy did not have probable cause for the stop because it was not objectively reasonable for the deputy to believe that defendant owned the unregistered vehicle. *Held*: The deputy's subjective belief—that the driver of the vehicle more likely than not was also the owner—was objectively reasonable under the circumstances. Accordingly, the trial court did not err.

Affirmed.

Diane Morse, Judge pro tempore.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna Belais, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction for driving with a revoked license. She assigns error to the trial court's denial of her motion to suppress evidence that was obtained during a traffic stop, arguing that the stop was not supported by probable cause. A deputy stopped defendant after a license plate check revealed that the vehicle that defendant was driving was not registered, which is a traffic violation. Defendant contends that the deputy did not have probable cause for the stop because it was not objectively reasonable for the deputy to believe that defendant owned the unregistered vehicle. As explained below, we conclude that the deputy's subjective belief—that the driver of the vehicle was also the owner of the vehicle—was objectively reasonable under the circumstances. Accordingly, because the trial court did not err, we affirm.

We review questions of law, including whether there was sufficient probable cause to conduct a stop for a traffic violation, for legal error. *State v. Hughes*, 311 Or App 123, 124, 488 P3d 795 (2021). In so doing, we are bound by the trial court's findings of historical fact, provided that there is constitutionally sufficient evidence in the record to support those findings. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). We state the facts accordingly.

Polk County Sherriff's Deputy Shorter was on Highway 22 crossing the Marion Street Bridge and running vehicle license plates. Defendant drove in front of Shorter, who "ran" defendant's license plate. The search returned "Flag 49," a DMV code that indicated that the vehicle had been sold and the new owner had failed to register it. The code showed that the sale of the vehicle occurred more than a year ago, but that it had not been registered following the sale. Based on that information, Shorter believed that the driver had failed to register the vehicle in violation of ORS 803.300.[1] Shorter followed the vehicle until it was safe to initiate a traffic stop.

---

[1] ORS 803.300 provides:

"(1) A person commits the offense of failure to register a vehicle if the person owns a vehicle in this state and the person does not register the vehicle in this state.

During the stop, defendant, who was driving, handed Shorter her Oregon ID card and explained that she did not have insurance on the vehicle and that her driver's license was revoked. Defendant also told Shorter that she bought the vehicle two weeks earlier and had not yet registered it. Shorter cited defendant for driving while suspended or revoked under ORS 811.182.

Before trial, defendant filed a motion to suppress all evidence obtained from the traffic stop. At the suppression hearing, defendant argued that, prior to the stop, Shorter lacked any information suggesting that defendant was the owner of the unregistered vehicle and, thus, in violation of ORS 803.300. The trial court denied the motion, expressly finding that Shorter did not know who was driving the vehicle but concluding that it was more probable than not that the person driving the vehicle was the owner of the vehicle. Defendant then entered a conditional guilty plea to the charge of driving while revoked, reserving her right to appeal the denial of her motion to suppress.

On appeal, defendant contends that the stop violated Article I, section 9, of the Oregon Constitution, renewing her argument that Shorter lacked probable cause to initiate the traffic stop. Recognizing that the Flag 49 code informed Shorter that the vehicle was unregistered, defendant argues that, nonetheless, Shorter lacked probable cause because he did not know that defendant was the owner who had failed to register it.

To conduct a stop for a traffic violation, Article I, section 9, requires that an officer have probable cause to believe that a violation occurred. *State v. Ankeny*, 306 Or App 300, 302, 474 P3d 406 (2020). Probable cause exists where an officer subjectively believes that it is more likely than not that an offense occurred and where that belief is objectively reasonable. *State v. Sanchez-Anderson*, 300 Or App 767, 773, 455 P3d 531 (2019). Here, defendant does not contest the validity of Shorter's subjective belief; rather, the

---

"*****

"(3)  Exemptions from this section are established under ORS 803.305.

"(4)  The offense described in this section, failure to register a vehicle, is a Class D traffic violation."

issue is whether Shorter's subjective belief—that the person driving the vehicle more likely than not was the owner who failed to register it—was objectively reasonable.

To determine whether an officer's belief was objectively reasonable, we consider the totality of the circumstances presented to the officer and reasonable inferences that may be drawn from those circumstances. *See, e.g.*, *State v. Keller*, 280 Or App 249, 253, 380 P3d 1144 (2016) (so stating). Importantly, no single factor is dispositive. *Id*. For traffic infractions, an officer's subjective belief is objectively reasonable "if, and only if, the facts as the officer perceived them actually satisfy the elements of a traffic infraction." *State v. Tiffin*, 202 Or App 199, 204, 121 P3d 9 (2005).

In this case, Shorter stopped defendant based on a belief that defendant failed to register a vehicle under ORS 803.300(1), which provides: "A person commits the offense of failure to register a vehicle if the person owns a vehicle in this state and the person does not register the vehicle in this state." Thus, Shorter's belief was objectively reasonable if, and only if, the facts as perceived by Shorter satisfied the elements of ORS 803.300(1).

Defendant contends that the two critical elements of ORS 803.300(1) are that (1) the person own the vehicle and (2) the person does not register the vehicle. Because the trial court found that Shorter did not know whether defendant owned the vehicle that she was driving, defendant argues that the facts perceived by Shorter did not satisfy the first element. We conclude that Shorter's belief was objectively reasonable; thus, the state established that Shorter had probable cause, and the trial court did not err in denying defendant's suppression motion.

First, in probable cause determinations, the objective component does not require that officers "eliminate all possible lawful explanations for conduct that reasonably appears to violate the law." *Miller v. Columbia County*, 282 Or App 348, 358, 385 P3d 1214 (2016) (citation and internal quotation marks omitted). Shorter saw defendant driving the vehicle in front of him, and, after running the plates, learned that the vehicle had not been registered for over a

year. Given these circumstances, the trial court correctly concluded that it is more probable than not, that the person driving the vehicle is the owner of the vehicle. It was a possibility, of course, that defendant was driving a vehicle that she did not own. But the probable cause standard does not require that Shorter eliminate all possible lawful explanations, including the possibility that defendant was driving a vehicle owned by someone else who did not register it as required by ORS 803.300. In our view, without facts indicating otherwise, it is objectively reasonable to believe that the driver of a vehicle is the owner. Thus, both critical elements of ORS 803.300—that the person own the vehicle and that the vehicle be unregistered—were satisfied by an objective belief that defendant was the owner of the vehicle and had committed a traffic violation.[2]

Second, as the state's argument advances on appeal, we have already held that an officer who learns that a vehicle is unregistered has probable cause to stop that vehicle. *State v. Hayes*, 99 Or App 387, 389, 782 P2d 177 (1989), *rev den*, 309 Or 441 (1990). Although not explicit, we used a probable cause standard in *Hayes* to conclude that, on nearly identical facts, it was objectively reasonable for the officer to believe that the defendant committed a traffic violation. *Id*. In that case, the officer "ran a radio check" on the license plate of the defendant's vehicle, and the "response indicated that the vehicle might not be properly registered." *Id*. Failure to properly register the vehicle was a violation under ORS 803.300, the same violation as in this case. We concluded that "the information that the officer had just before the stop gave him a reasonable basis for a belief that defendant's vehicle was not properly registered." *Id*.

Although we did not explicitly use the term "probable cause" and used language more akin to a determination of reasonable suspicion, we nevertheless understand *Hayes* to apply the probable cause standard. *See Tiffin*, 202 Or App

---

[2] Although not a factor when considering whether the deputy's subjective belief is objectively reasonable, we note that, in the case of an unregistered vehicle, deputies are limited in their ability to determine who the owner of the vehicle is. Thus, a conclusion that would require officers to eliminate the possibility that someone other than the owner is driving an unregistered vehicle would make enforcement of ORS 803.300 nearly impossible.

at 203 (confirming that we held that the officer in *Hayes* "had probable cause to stop the vehicle"). Notably, *Hayes* is a mistake of fact case, *viz.*, that the officer mistakenly believed that the defendant's car was not properly registered, when in fact it was. *See Hayes*, 99 Or App at 389. Therefore, much of the analysis in that case concerns whether an officer still has probable cause when that officer is mistaken as to the facts—we concluded that the officer still does. *Id*.

In this case, we face no such hurdle because the circumstances observed by Shorter were not complicated by a mistake of fact. That is, the vehicle was unregistered, and defendant was the owner. More instructive, then, are the similarities in the circumstances perceived by the officers in both *Hayes* and in this case: both encountered a vehicle on the road, both ran a license plate check, and both received information that the vehicle was not properly registered. In *Hayes*, we concluded that that was sufficient to establish probable cause to make a stop. The same is true here.

Defendant next contends that, in believing that defendant owned the vehicle that she was driving, Shorter "add[ed] a fact," which is impermissible under *State v. Aguilar*, 307 Or App 457, 469, 478 P3d 558 (2020). In *Aguilar*, during a vehicle stop, the officer did not observe that the defendant was not wearing her seatbelt until after he approached the vehicle. 307 Or App at 463. The defendant explained that she had been wearing the seatbelt but removed it after the stop. *Id*. at 464. The officer rejected that explanation based solely on his experience that "normal" people do not take their seatbelts off right away when they're stopped by the police. *Id*. at 464-65. We explained that "the only observation that [the officer] made that relates to defendant's conduct was that he observed her doing something that was legal. It was legal for a passenger to be sitting without a seatbelt in a stopped vehicle in a parking lot." *Id*. at 468. Accordingly, we held that, without any evidence in the record to the contrary, the officer could not rely on experience alone to reject the defendant's explanation as to why her seatbelt was off when he approached. *Id*. at 470-71.

This case is readily distinguishable. Unlike the officer in *Aguilar*, Shorter did not rely on experience to reject

an explanation from defendant. Rather, Shorter observed a circumstance that indicated that a traffic violation had been committed: The vehicle that he was following off of the Marion Street Bridge was not registered. At issue is whether Shorter's subjective belief—that defendant was the owner of the vehicle that she was driving—was objectively reasonable. As discussed above, we conclude that Shorter's belief was objectively reasonable and nothing about the holding in *Aguilar* undermines that conclusion.

Finally, defendant points to *Kansas v. Glover*, 589 US ___, 140 S Ct 1183, 206 L Ed 2d 412 (2020), and argues that the facts on the record are, at most, sufficient to show reasonable suspicion but not probable cause. In *Glover*, a deputy ran a vehicle's license plates and found that the registered owner of the vehicle had a revoked driver's license. 589 US at ___, 140 S Ct at 1187. Because driving with a revoked license was considered a criminal infraction, the officer needed only reasonable suspicion, rather than probable cause, to conduct a traffic stop. *Id*. at ___, 140 S Ct at 1188. The officer made the stop, inferring that the registered owner of the vehicle was the person driving. *Id*. at ___, 140 S Ct at 1187. The Court held that these facts "provided more than reasonable suspicion to initiate the stop." *Id*. at ___, 140 S Ct at 1188.

Defendant argues that, because *Glover* used a reasonable suspicion standard in a factually similar circumstance, a holding that probable cause existed in this case would be contrary to *Glover*. We are unconvinced by defendant's argument for two reasons. First, there are important factual distinctions between this case and *Glover*. Critical to the analysis in *Glover* was that the driver was unlicensed, and the Court spent significant time addressing the reasonableness of an officer's assumption that an unlicensed person would drive. *Id*. at ___, 140 S Ct at 1188-89, 1192. Shorter, on the other hand, knew only that the vehicle was unregistered in violation of ORS 803.300; he did not have to make an assumption that a person would still be driving with a revoked license. Further, the vehicle in *Glover* was properly registered. Therefore, unlike Shorter, the officer in *Glover* had to rely entirely on inference to believe that a crime or traffic infraction had occurred. Here, the

unregistered status of the vehicle informed Shorter that a traffic infraction had occurred. The inference that Shorter made, then, involved only whether defendant was the person who committed that infraction. As we have explained above, Shorter's belief was objectively reasonable.

Second, we do not understand *Glover* to imply anything about probable cause—or the lack thereof—in cases involving traffic stops of unregistered vehicles. Although it is true that reasonable suspicion presents a lower standard than probable cause, it does not necessarily follow that, because there was reasonable suspicion in *Glover*, there cannot be probable cause in this case. Accordingly, we reject defendant's reliance on *Glover* to support her claim that Shorter stopped her without probable cause.

Affirmed.