513 So.2d 256 (1987)
STATE of Florida, Appellant,
v.
Kevin KIBBEE, Appellee.
No. 86-3098.
District Court of Appeal of Florida, Second District.
October 2, 1987.
*257 Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellee.
SCHOONOVER, Judge.
The state appeals a trial court order granting a motion to suppress evidence seized in connection with the arrest of the appellee, Kevin Kibbee. We reverse.
Kibbee was charged by information with possession of a controlled substance in violation of section 893.13, Florida Statutes (1985), and possession of drug paraphernalia in violation of section 893.147, Florida Statutes (1985). Kibbee alleged in his motion to suppress that he had been illegally detained and that, therefore, the evidence discovered as a result of his detention was unlawfully seized.
Officer Robert Colburn of the Winter Haven Police Department was the only witness who testified at the suppression hearing. According to Colburn's testimony, he was on patrol at approximately 1:40 a.m. on August 18, 1986, when he noticed two people sitting inside an automobile parked on a used car lot which was closed for business. Both the occupants of the automobile were slouched down so that just their heads were visible. Officer Colburn knew that there had been automobile thefts and automobile burglaries in the area during the preceding year. The officer continued driving in the same direction until he reached a point about a block away where he could turn around.
Upon returning to the car lot, Officer Colburn noticed that the two occupants of the parked automobile were still in a slouched position. He approached the car and asked the occupants for identification. Officer Colburn testified that he intended to detain the occupants at that point until he ascertained who owned the vehicle and *258 their reason for being on the property. Kibbee, who was in the driver's seat, exited the car and gave Officer Colburn his driver's license. The person occupying the passenger's seat, Duane Drawdy, passed his identification across the seat to the officer.
Officer Colburn's subsequent computer check on the vehicle and on the occupants revealed that the vehicle was registered to Kibbee and that Drawdy was wanted on a fugitive warrant. Upon obtaining this information, Officer Colburn proceeded to the passenger side of the vehicle and asked Drawdy to exit the vehicle. When Drawdy exited the vehicle, Officer Colburn observed in plain view a cocaine rock and various drug paraphernalia. The officer arrested Drawdy and Kibbee and seized the drugs and paraphernalia. The trial court granted Kibbee's motion to suppress the evidence, and the state filed a timely notice of appeal.
We recognize that a trial court's ruling on a motion to suppress comes to this court with a presumption of correctness and that the evidence and the inferences capable of being drawn therefrom must be viewed in a light most favorable to the appellee. Codie v. State, 406 So.2d 117 (Fla. 2d DCA 1981). In this case, however, we find that the state overcame this presumption and that the trial court erred in granting Kibbee's motion to suppress the evidence.
The Florida Stop and Frisk Law, Section 901.151, Florida Statutes (1985), provides in part:
(2) Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.
(3) No person shall be temporarily detained under the provisions of subsection (2) longer than is reasonably necessary to effect the purposes of that subsection. Such temporary detention shall not extend beyond the place where it was first effected or the immediate vicinity thereof.
To justify a temporary detention under section 901.151, the detaining officer is only required to have a "founded suspicion" of criminal activity. A founded suspicion is a suspicion which is based upon the factual circumstances observed by the officer and interpreted in the light of the officer's knowledge. There will be borderline cases, of course, in which reasonable men may differ as to whether the circumstances witnessed by an officer could provide an objective foundation for his suspicion. In such cases, the following factors should be evaluated to determine whether the circumstances reasonably suggested that the suspect was involved in criminal activity: the time, the day of the week, the location, the suspect's physical appearance, the suspect's behavior, the appearance and manner of operation of any vehicle involved, and anything incongruous or unusual in the situation as interpreted in the light of the officer's knowledge. State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978); Codie. Mere or bare suspicion, on the other hand, cannot support a detention because it is no better than random selection, sheer guesswork, or hunch, and has no objective justification. Stevens; Codie.
We have held that although an officer could have his suspicions aroused after observing an occupant of a car parked in an alley in a high crime area make a quick movement, that officer would not have the founded suspicion necessary to legally detain the person for the purpose of further investigation. G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985) (observed during daytime); see also, Currens v. State, 363 So.2d 1116 (Fla. 4th DCA 1978) (observed legally parked vehicle at 1:30 a.m.). We have also held that an officer does not have a founded suspicion when he observes a car in a high crime area at night when there *259 are no furtive movements. McCloud v. State, 491 So.2d 1164 (Fla. 2d DCA 1986). In this case, however, the vehicle was not located on a street or in any other place where one might expect it to be. See, e.g., Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984) (vehicle in parking lot of an open business). Instead, the occupied car here was parked in a manner which indicated it was one of the cars for sale at a used car lot which was not open for business.
At the time Officer Colburn approached and detained Kibbee, he knew that there had been automobile thefts and automobile burglaries in the area during the preceding year, it was 1:40 a.m., and both occupants of the car were slouched down in such a manner that they appeared to be trying to avoid detection. Furthermore, the suspects had maintained this position during the time it took Officer Colburn to drive his car approximately one block, turn around, and drive back.
We, accordingly, find that Officer Colburn's observations reasonably indicated that Kibbee and Drawdy had committed, were committing, or were about to commit a crime. See § 901.151(2). There were numerous factors which, when interpreted in light of Officer Colburn's knowledge of the area and of the type crimes for which the area was known, provided a foundation for his suspicion of criminal activity. He, therefore, had the right to detain Kibbee and Drawdy. Codie. They were detained no longer than necessary to investigate the situation and to establish that there was probable cause for their arrest. Stevens. The plain view discovery and seizure of drugs and paraphernalia, therefore, was proper, and the trial court erred in suppressing this evidence.
Reversed and remanded.
RYDER, A.C.J., and LEHAN, J., concur.