515 So.2d 346 (1987)
Charles Canova HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. BP-330.
District Court of Appeal of Florida, First District.
November 10, 1987.
Rehearing Denied December 3, 1987.
*347 Daniel A. McKeever, Jr., Live Oak, for appellant.
Robert A. Butterworth, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
The present appeal stems from further proceedings held in the trial court subsequent to this Court's opinion in Howard v. State, 483 So.2d 844 (Fla. 1st DCA 1986) (hereinafter "Howard I"), an earlier appeal in this case.
Howard I involved an appeal by the appellant from the trial court's denial of his motion to suppress evidence which was seized from his home. The trial court permitted appellant to enter pleas of nolo contendere to the two counts of the information, to wit: manufacturing cannabis (count one) and possession of more than 20 grams of cannabis (count two), with leave given to appeal the denial of the suppression motion.
Appellant was arrested after officers seized evidence from both the interior and the exterior of his home pursuant to a search warrant. The affidavit relied upon in support of the search warrant related the following:
On September 25, 1984 at approximately 11:45 a.m. while on routine aerial surveillance Inv. Dale Parrish, Columbia County Sheriff's office, Affiant and Inv. Al Williams, State Attorney's Office, Third Circuit, did observe marijuana growing next to a red brick house and inside a fence surrounding the house (a further description of said house/curtilage is contained herein) located just off S.R. 238. The affiant has been a law enforcement officer for 14 years and has seen and identified growing marijuana approximately 200 times. On all occasions when affiant identified growing marijuana/cannabis and then sent the plants to the Florida Department of Law Enforcement Laboratory for expert analysis, the lab test performed by the Florida Department of Law Enforcement Crime Laboratory in Tallahassee, FL has proved positive for cannabis/marijuana.
The search warrant included the residence in the premises to be searched.
The search resulted in the seizure of assorted pills, six bags of marijuana, one plate containing marijuana, a set of gram scales from the interior of the home, and two marijuana plants from the exterior of the home.
In Howard I, this court recognized that appellant did not challenge the sufficiency of the warrant to seize the two plants from the exterior of the home. The court found that the issue in the case was limited to whether the affidavit was sufficient to establish probable cause for the issuance of *348 the warrant to search the interior of the home. The court answered this question in the negative and held that the motion to suppress the items seized from the interior of the home should have been granted. The order was therefore reversed.
Subsequently, appellant's counsel filed in the trial court a motion seeking dismissal of both counts of the information and, implicitly, vacation of the judgments and orders placing the defendant on probation. Alternatively, appellant's motion contended that "at bare minimum," he should be "resentenced without the court considering any of the evidence subsequently suppressed." The motion was denied and appellant appeals therefrom.
Appellant essentially argues that without the evidence illegally seized from his house, he could not be convicted of either the manufacture or the possession charge. The state, on the other hand, maintains that the two cannabis plants found outside the home supports both charges. Furthermore, according to the state, at no time before the entry of the plea of nolo contendere did appellant file a motion for statement of particulars, or at a minimum, request a clarification as to which cannabis seized weighed more than 20 grams or which cannabis seized the state would rely upon as evidence in support of the manufacturing charge. Therefore, claims the state, appellant should not now be heard to complain.
The present confusion with which we must now deal was spawned by the fact that the appellant was, upon his entry of the nolo pleas, granted leave to take an Ashby[1] appeal on the suppression issue when the issue was not dispositive of the case. And no one raised this significant point either in the trial court or on appeal.[2]
It is well established that appellate review pursuant to an Ashby nolo plea is permitted only if the issue decided will be dispositive of the case regardless of the ultimate ruling on appeal. Brown v. State, 376 So.2d 382 (Fla. 1979); Morgan v. State, 486 So.2d 1356 (Fla. 1st DCA 1986). As stated by the Florida Supreme Court in Brown:
The practice of allowing an appeal after a plea of nolo contendere is grounded upon the belief that "it expedites resolution of the controversy and narrows the issue to be resolved." [footnote omitted] These purposes are poorly served and, indeed, thwarted when a defendant is permitted to appeal nondispositive pretrial rulings. Instead of expediting resolution of the controversy, the procedure prolongs litigation by sanctioning, in effect, an interlocutory appeal. Because of the nondispositive nature of the appeal, the defendant faces the prospect of a trial even if he prevails on appeal. The inevitable is not avoided but merely postponed, thus further burdening the already severely taxed resources of our courts.
The more logical and efficient procedure to follow in this situation is to proceed to trial and fully ventilate all of the issues. In this way the matter will reach the appellate court in a familiar posture and with a full record upon which to base an intelligent decision. [footnote omitted]
376 So.2d at 384. An issue is dispositive only if, regardless of whether the appellate court affirms or reverses the lower court's decision, there will be no trial of the case. Morgan at 1357. A typical example of dispositiveness is where the trial court has entered a pretrial order denying a motion to suppress drugs in a drug case. Such a ruling is dispositive if the state has no other evidence with which it can proceed to trial against the defendant. In Tiller v. State, 330 So.2d 792 (Fla. 1st DCA 1976), this Court stated:
The record at the time of the tender of the plea of nolo contendere should show clearly that the state's case against the accused cannot succeed without use of *349 the evidence sought to be suppressed. Otherwise, appellate courts will be placed in the untenable position of rendering advisory opinions and the disposition of criminal cases will be unacceptably delayed.
Id. at 793.
It is apparent that the first appeal should not have been allowed inasmuch as the prerequisite of dispositiveness was not met. Nevertheless, the fact is that the first appeal was handled to conclusion and, to the extent that issues were resolved therein, Howard I is the law of the case. The difficulty with which we are now faced is the manner in which the holding of Howard I is to be applied.
The state, which at the time of the first appeal failed to raise the nonappealability of the nondispositive order, asserts that the appellant, although prevailing in Howard I, won a hollow victory because, says the state, the two cannabis plants found outside the house were sufficient to support both counts of the information. Obviously, the state should have made such assertion in the first appeal via a motion to dismiss the appeal.
Inasmuch as both parties were apparently content to assume that the requisite element of dispositiveness was present and underpinned the first appeal in Howard I, it would perhaps not be unfair for us to now accord full dispositiveness to Howard I and order the discharge of the appellant as to both counts. We are not disposed to do that because such would be conferring a windfall upon the appellant inasmuch as he did not challenge the search and seizure of the plants outside the home.
Having struggled to find the correct resolution of this case in its present posture, we have concluded that there is no completely satisfactory answer. We believe, however, that substantial justice will be achieved by allowing the nolo plea and judgment to stand with respect to count one (manufacturing cannabis) and permitting the appellant to withdraw his nolo plea as to count two (possession of more than twenty grams of cannabis). As earlier stated, the appellant did not contest the search and seizure of the marijuana plants. That evidence clearly supports the offense of manufacturing. It is unclear, however, whether the quantity of cannabis represented by the two plants (the only legal evidence per Howard I) is sufficient to support the second count.
Accordingly, the order appealed is affirmed as to the first count. With respect to the second count, the judgment and order placing the defendant on probation is vacated and set aside and, on remand, the defendant shall be permitted to withdraw his plea of nolo contendere and proceed to trial on count two.
SHIVERS and THOMPSON, JJ., concur.
NOTES
[1] State v. Ashby, 245 So.2d 225 (Fla. 1971).
[2] This is a phenomenon that is happening all too frequently and creates a variety of sticky problems. See e.g. Morgan v. State, 486 So.2d 1356 (Fla. 1st DCA 1986). The instant case presents still another mutation.