# WHITE v STATE OF FLORIDA
## Case No. 91-445-CA-25 (Lower Court Case No. 90-4741-CT)
Nineteenth Judicial Circuit, St. Lucie County

October 28, 1991

### APPEARANCES OF COUNSEL
**Osborne Walker O'Quinn, Esquire,** for appellant.

**Faith Litvack,** Assistant State Attorney, for appellee.

Before HENDRY, FENNELLY, KANAREK, JJ.

### OPINION OF THE COURT

HENDRY, J.

The appellant pled nolo contendre to driving with a suspended license, reserving the right to appeal the denial of his Motion to Quash his arrest. The appellee agreed that the ruling on the Motion to Quash would be dispositive of the case. The lower court noted the agreement of both parties that the legal issue reserved for appeal was dispositive of the case.

We reverse the denial of the Motion to Quash the arrest of appellant. Even though appellant had voluntarily stopped his car at the car dealership, his encounter with the law enforcement officer who pulled in behind him was not a consensual encounter, from which anything learned by the officer from the appellant could later be used against him. In a 'consensual encounter', a person approached by a law enforcement officer and asked questions by that officer can either voluntarily answer the questions or choose not to answer the questions and walk away. *Florida v Royer,* 460 U.S. 491, at 497-98, 103 S.Ct. 1319 at 1324, 75 L.Ed.2d 229, at 236 (1983).

Here, the appellant could not choose to walk away and not answer any questions. The law enforcement officer told appellant to stay out of his vehicle and to keep his hands where the officer could see them. Such language effectively prohibited the appellant from choosing to return to his vehicle and drive away, just as the law enforcement officers' conduct in *Florida v Royer, supra,* effectively negated the voluntariness of their encounter with an airline passenger who was effectively detained by the officers and could not voluntarily leave their presence because the officers kept his airline ticket after he voluntarily showed it to the officers at their request. The Supreme Court in *Royer* said the encounter between the passenger and the law enforcement officers lost its consensual nature when the airline passenger could not leave without his airline ticket, especially after the [sic] he was removed to a small room at the airport, and so in this case, appellant could not leave because of the officer's request that he stay out of his vehicle. *See also, McCloud v State,* 491 So.2d 1164 (Fla. 2d DCA 1986).

Therefore, because this was not a consensual stop of appellant, then the law enforcement officer could not stop and question appellant on a bare suspicion of illegal activity, but the officer had to have a founded suspicion of illegal activity afoot to detain and question the appellant. Here, the law enforcement officer saw appellant drive across U.S. Highway 1 from one closed car dealership to another closed dealership in the early morning hours. The law enforcement officer, having his suspicions aroused, followed the appellant into the closed car lot and observed appellant stopped in his car. The officer recollects that the appellant may have been standing outside his car. At this point, without observing any further actions by appellant, the officer approached appellant, asking him to stay out of the vehicle and to keep his hands where the officer could see them. The officer then ascertained presumably through questions and identification checking that appellant was driving with a suspended license.

2

Under these facts, we cannot say that the officer had a founded suspicion to detain appellant and question him. We agree that seeing someone crossing from one closed car dealership to another late at night or in the early morning hours looks suspicious, but this suspicion remains a "bare suspicion" until some other furtive or illegal activity is observed, to raise the bare suspicion to a founded suspicion. *State v Kibbee,* 513 So.2d 256 (Fla. 2d DCA 1987).

We do not mean here that the officer should not have followed appellant into the car dealership after observing his somewhat suspicious activity in driving into closed car dealerships around 2:00 am in the morning. We agree that such activity warranted the officer's following appellant into the car dealership, but without observing any more suspicious activity by appellant, the officer did not have the founded suspicion to detain appellant to ask him questions, by ordering appellant to stay out of the car. If the officer had observed appellant making furtive movements, either within or outside the car, crouching between the new cars in a furtive manner, exhibiting some unusual behavior or performing some overt act of vandalism, then the officer would have had founded suspicion to stop and question appellant.

Further, if the officer had not ordered appellant to stay out of the car, then perhaps this would have remained a consensual encounter, if appellant had voluntarily answered the officer's questions and request for identification. However, none of this happened here, and for all we know, appellant could have been a person who worked on a night shift, and stopped on his way home to look at the cars with a future purchase in mind.

We do appreciate the danger that law enforcement officers face working alone late at night. We can understand the officer's caution in asking the appellant to stay out of the vehicle and to keep his hands in the open where the officer could see them. However, appellant's conduct at that point in time had not yet risen to a level that would create a founded suspicion to stop and question him.

Therefore, because the officer had only a mere suspicion of illegal activity by appellant, then the stop and subsequent arrest of appellant was illegal. We reverse the denial of the Motion to Quash the arrest and remand this action to the lower court to vacate appellant's conviction and sentence.

FENNELLY, PJ, and KANAREK, J, concur.