714 So.2d 1142 (1998)
Jamall GRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1293.
District Court of Appeal of Florida, First District.
July 20, 1998.
Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
Appellant seeks review of an order denying his motion to suppress evidence found following what he argues was an illegal stop of an automobile in which he was a passenger. We agree that the stop was not based upon a reasonable suspicion of criminal activity. Accordingly, we reverse.
The relevant facts are not disputed. Two Jackson County Sheriff's Office investigators were driving in an unmarked truck on a dirt road at approximately 2:20 p.m. on a weekday afternoon when they came upon "a newer model vehicle," with four occupants, parked at the edge of a field, some 25 to 30 yards off of the road. The nearest house was approximately one-half mile away. There had been no recent reports of any type of criminal activity in the area, and the property was not posted. There was nothing to suggest that the vehicle's occupants were involved in any type of criminal activity. Although the investigators "had no idea what was taking place inside that vehicle or around the vehicle," they "felt it was [their] *1143 duty to investigate the situation, see who was occupying the vehicle." Accordingly, the investigators drove on for approximately one-quarter mile, to a spot where they could turn around, and returned to question the automobile's occupants. By that time, the automobile had begun to drive away, down the road, at a normal rate of speed. The investigators pulled up beside it. One of them rolled down his window and showed the driver his badge. The investigators then pulled the automobile over. When they approached, the investigators noticed an open container of beer and smelled a strong odor of marijuana. They told the occupants to get out, after which they searched the automobile. They found three or four pieces of crack cocaine and a small amount of marijuana in a pocket on the back of one of the front seats. Appellant and the other occupant of the back seat were then arrested.
Appellant filed a motion to suppress the contraband found as a result of the search on the ground that the investigators had not had a reasonable suspicion of criminal activity when they stopped the automobile and that, therefore, the stop violated the Fourth Amendment to the United States Constitution. Following a hearing, the trial court denied the motion, concluding that the investigators had had a reasonable suspicion of criminal activity when they stopped the automobile. Appellant subsequently entered no-contest pleas, reserving his right to seek review of the order denying his motion to suppress, which the state agreed was dispositive. This appeal follows.
The state argues, for the first time on appeal, that the trial court should be affirmed because "[a]ppellant, as a mere passenger, has no standing to contest the search of an automobile owned by another," citing Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). While this would appear to be a correct statement of the law, it has no bearing on the issue raised by appellantwhether the stop of the vehicle violated the Fourth Amendment. It is clear that appellant does have standing to contest the stop. See, e.g., Nelson v. State, 578 So.2d 694 (Fla.1991); State v. Lagree, 595 So.2d 1029 (Fla. 1st DCA 1992).
On the merits, the issue raised poses the question of whether the trial court correctly applied the applicable law to the undisputed facts. The Supreme Court has held "that as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal," subject to the caveat that "findings of historical fact" be reviewed "only for clear error" and that "due weight" be accorded "to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996).
Law enforcement officers "may briefly stop a moving automobile to investigate a reasonable suspicion that its occupants are involved in criminal activity." United States v. Hensley, 469 U.S. 221, 226, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985). To have a reasonable suspicion (also referred to as a "founded suspicion"), "the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity" based upon "the totality of the circumstances." United States v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). Unfortunately, as with much Fourth Amendment law, it is much easier to state the general rule than to apply it to a given factual scenario. In other words, decisions in cases involving Fourth Amendment issues are frequently fact-driven. In an effort to provide assistance to trial courts faced with such "borderline cases," the court in State v. Kibbee, 513 So.2d 256, 258 (Fla. 2d DCA 1987), said:
In such cases, the following factors should be evaluated to determine whether the circumstances reasonably suggested that the suspect was involved in criminal activity: the time, the day of the week, the location, the suspect's physical appearance, the suspect's behavior, the appearance and manner of operation of any vehicle involved, and anything incongruous or unusual in the situation as interpreted in the light of the officer's knowledge.... Mere or bare suspicion, on the other hand, cannot support a detention because it is no better *1144 than random selection, sheer guesswork, or hunch, and has no objective justification.
(Citations omitted.)
The trial court purported to follow Kibbee in reaching its decision to deny the motion to suppress. However, it did not articulate what factors it considered had supported a reasonable suspicion on the part of the investigators that any of the occupants of the automobile were involved in criminal activity. Having carefully reviewed the undisputed evidence, we conclude that, viewing "the totality of the circumstances," the investigators did not "have a particularized and objective basis for suspecting" any of the occupants of the automobile of criminal activity. United States v. Cortez, 449 U.S. at 417-18, 101 S.Ct. 690. Rather, their decision to stop the automobile was based upon nothing more than bare suspicion or a hunch.
The automobile was parked at the edge of a field abutting a dirt road, at approximately 2:20 p.m. on a weekday afternoon. There was nothing unusual about the occupants, their activities, or the appearance of the vehicle. The only investigator to testify conceded that, before the stop, he had no reason to believe that any of the occupants were involved in any illegal activity. Given the undisputed facts, we hold that the trial court committed reversible error when it concluded that reasonable suspicion existed for the stop of the vehicle and, accordingly, denied the motion to suppress. See, e.g., Brown v. State, 687 So.2d 13 (Fla. 5th DCA 1996) (observing defendant back pickup truck into wooded area known as site of illegal dumping at dusk does not create reasonable suspicion of criminal activity sufficient to justify stop); Harrelson v. State, 662 So.2d 400 (Fla. 1st DCA 1995) (observing defendant and another in car parked in driveway at 1:08 a.m. with interior light on in area where there had previously been a number of home burglaries does not create reasonable suspicion of criminal activity sufficient to justify stop); Abraham v. State, 532 So.2d 91 (Fla. 4th DCA 1988) (observing defendant drive out of parking lot located behind closed insurance company at 3:00 a.m. and pick up female who was walking away from business does not create reasonable suspicion of criminal activity sufficient to justify stop). Because the state agreed that the denial of appellant's motion to suppress was dispositive, we remand with directions that the order withholding adjudication and placing appellant on probation be set aside, and that appellant be discharged.
REVERSED and REMANDED, with directions.
SHIVERS, DOUGLASS B., Senior Judge, concurs.
LAWRENCE, J., concurs specially with opinion.
LAWRENCE, Judge, concurring specially.
I reluctantly agree with the result reached by the majority. I have difficulty in finding that the trial judge committed error in upholding the investigatory stop in this case. The trial judge well may have concluded that the appellant was fleeing the scene. My view is similar to that expressed by Judge Altenbernd in his special concurring opinion in Davis v. State, 695 So.2d 836 (Fla. 2d DCA 1997):
The fact that a person takes flight upon the approach of a law enforcement officer is a statutory factor supporting an investigatory stop for loitering. § 856.021(2). I would hold that a brief stop is authorized under these circumstances. I realize that the police can abuse their discretion to investigate potential loitering violations, but any reasonable citizen should understand a police officer's decision to check on his or her actions briefly when that conduct is consistent with loitering.
Id. at 838.
The facts in the instant case are not as strong as those in Davis or McCloud. I nevertheless am troubled by the potential for casting a chilling effect upon police officers who in good faith investigate that which, in their judgment and experience, triggers the need for investigation of criminal offenses. No such result is intended here. One of the investigating officers in the instant case essentially conceded that the only thing which prompted his attention was that the "car look[ed] out of place" for a weekday afternoon. The officer, when asked whether he *1145 suspected criminal activity, responded, "I had no idea," "I didn't know," and "it was just an observation; I guess any citizen could have come to the same conclusion." Were it not for these concessions in the officer's testimony, which fall below the minimum constitutional standards for an investigatory stop, I would affirm.