745 So.2d 1113 (1999)
Georgia M. BROOKS, Appellant,
v.
STATE of Florida, Appellee.
Charles E. Roberts, Appellant,
v.
State of Florida, Appellee.
Nos. 98-3855, 98-3912.
District Court of Appeal of Florida, First District.
December 8, 1999.
Nancy A. Daniels, Public Defender, David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellants.
Robert A. Butterworth, Attorney General, Terri Leon-Benner, Assistant Attorney General, Tallahassee, for Appellees.
ERVIN, J.
In these two consolidated appeals, appellants, Georgia M. Brooks and Charles E. Roberts, contend that the trial court erred in denying their motion to suppress evidence which was seized as a result of an unlawful stop. We agree and therefore reverse and remand with directions to discharge appellants.
The state maintained below that Officer Bates approached appellants' vehicle, which had pulled off the side of the road to change drivers, in a consensual police-citizen encounter and that appellants were free to leave at any time. Bates admitted that he did not have reasonable suspicion of criminal activity at the time he approached appellants' vehicle, and he said the encounter was not an investigatory stop. See Popple v. State, 626 So.2d 185, 186 (Fla.1993) (distinguishing consensual police-citizen encounters, in which the citizen may voluntarily comply with the officer's request or choose to ignore it, from investigatory stops, which require the officer to have a well-founded, articulable suspicion of criminal activity before detaining the citizen). And see § 901.151, Fla. Stat. (1997) (Florida's Stop and Frisk Law).
We conclude that the trial court's finding of an consensual encounter is clearly erroneous. Officer Bates activated his flashing blue lights when he pulled up behind appellants' stopped vehicle. As Brooks was driving the vehicle onto the roadway, she stopped when she saw the flashing lights and uniformed police officer approaching the car. Section 316.2397, Florida Statutes (1997), allows only police vehicles to have blue flashing lights, and section 316.126, Florida Statutes (1997), requires all vehicles to pull to the closest edge of the roadway upon the approach of a vehicle displaying blue or red lights. Bates admitted he makes traffic stops with his flashing lights and siren. While Bates testified that he activated the lights as a safety precaution, a reasonable person under such circumstances would not have *1114 believed he or she was free to leave and terminate the encounter. See State v. Ferrell, 705 So.2d 1051, 1052 (Fla. 1st DCA 1998); Jones v. State, 658 So.2d 178, 180 (Fla. 1st DCA 1995) (both stating that the question of whether there has been a consensual encounter requires a court to consider the totality of the circumstances surrounding the encounter to determine whether the police officers' conduct would have communicated to a reasonable person that he or she was not free to decline the officers' request or otherwise terminate the encounter).
Based on the show of authority by Bates' use of the flashing blue lights, the encounter constituted an investigatory stop. Because Bates admitted he did not have the requisite reasonable suspicion of criminal activity, he lacked authority under section 901.151, Florida Statutes (1997), to stop appellants. See Graham v. State, 714 So.2d 1142 (Fla. 1st DCA 1998). Therefore, the evidence seized as a result of the unlawful detention should have been suppressed. As this issue is dispositive, we remand with directions to set aside the judgments and orders placing appellants on probation.
REVERSED and REMANDED with directions to discharge appellants.
LAWRENCE and PADOVANO, JJ., CONCUR.