795 So.2d 1010 (2001)
Johnny SIPLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3887.
District Court of Appeal of Florida, Second District.
September 5, 2001.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
*1011 GREEN, Judge.
Johnny Siplin appeals his convictions for possession of heroin and cocaine and argues that the evidence should have been suppressed. We reverse because Siplin was unlawfully stopped by the investigating officer before he consented to a display of the contraband in his possession.
A hearing was conducted on Mr. Siplin's motion to suppress. At the suppression hearing, Officer Barry Books of the St. Petersburg Police Department testified that he saw a compact car at an intersection with two white males inside. He saw a man, later identified as Mr. Siplin, run up to the compact car extremely fast, carrying a blue napkin or cloth in his right hand. According to Officer Books, when Mr. Siplin was two or three feet from the car he saw the officer, looked shocked and surprised, and ran into the compact car. Mr. Siplin leaned into the compact car and began conversing with the driver as if giving directions. Mr. Siplin then walked away from the car.
After deciding to approach Mr. Siplin, Officer Books activated the cruiser's air horn to get his attention. He insisted he did nothing else to stop Mr. Siplin and that Mr. Siplin was free to leave. Officer Books asked Mr. Siplin if he knew the people in the compact car and was told he had borrowed a cigarette from the driver. Officer Books pointed to the blue napkin and asked what it was. Mr. Siplin gave it to him, and Officer Books looked inside and saw what appeared to be cocaine and heroin.
The sole issue on appeal is whether Mr. Siplin was free to leave once the officer sounded the air horn on his cruiser. We determine that under the circumstances of this encounter a reasonable person would believe that he/she was being commanded to stop upon hearing the police cruiser's air horn. At the time the air horn was employed by Officer Books, he did not have reasonable suspicion to conduct a stop of Mr. Siplin.
The trial judge held that the employment of the air horn did not constitute a stop. Case law is consistent that once an officer operates his emergency lights, the encounter is not consensual, but is an investigatory stop. See Hrezo v. State, 780 So.2d 194 (Fla. 2d DCA 2001); Brooks v. State, 745 So.2d 1113 (Fla. 1st DCA 1999).
In the Hrezo opinion, Judge Altenbernd specifically differentiates between an officer's takedown lights and spotlight. When an officer uses takedown lights a reasonable person would not feel free to leave. This is emphasized by the fact that only police officers or department of correction officers may use blue flashing lights on their vehicles pursuant to section 316.2397(2), Florida Statutes (2000). Furthermore, section 316.271(6) provides the siren, whistle, or bell on an emergency vehicle should only be used when the vehicle is responding to an emergency call or in pursuit of an actual or suspected violator of the law. On the other hand, use of a spotlight has been found not to transform a consensual encounter into an investigatory stop. See State v. Wimbush, 668 So.2d 280 (Fla. 2d DCA 1996). Officer Brooks's air horn more closely resembles takedown lights, and therefore, he transformed the encounter into an investigatory stop. Appellant was required to stop when the officer activated his air horn, and he was not free to leave.
We therefore reverse the judgment and sentence and direct that Mr. Siplin be discharged.
Reversed.
*1012 NORTHCUTT, A.C.J., and CAMPBELL, MONTEREY, (Senior) Judge, Concur.