DAVIS, Judge.
The State challenges the trial court’s order granting Robert Collins’ motion to suppress. We reverse.
The charges against Collins stem from an incident in which Winter Haven police were conducting surveillance on a closed convenience store located in an area known for drug sales. Specifically, Officer Zagar testified that he had previously observed numerous hand-to-hand transactions in the area and had previously made arrests in front of the convenience store. Additionally, Officer Jones testified that she had previously participated in a “rush” of the area, during which officers approached the area from all angles, causing the majority of people in the area to flee and leave behind their narcotics.
On the night in question, Officer Jones witnessed Collins approach a vehicle, pull something out of his pocket, put his hand in the vehicle, take something from the individual in the car, and place the object in his pocket. She did not specifically see drugs or money exchange hands. Based on this, Officers Jones and Zagar approached the group standing by the convenience store and asked Collins to step away from the group to speak with them. Collins appeared nervous upon seeing the officers, and without responding to them, he fled. Officer Zagar reached for Collins but was able to grab only his jacket. Collins essentially ran out of his jacket, leaving it behind with Officer Zagar. The officer searched the jacket and found crack, cannabis, and paraphernalia inside. Collins was apprehended about a mile away.
Collins moved below to suppress the evidence discovered in his pocket, arguing that the evidence was found as the result of an illegal search without warrant. Collins also alleged that the evidence was fruit of the poisonous tree obtained as a result of an illegal stop and detention.
Following a hearing, the trial court granted the motion, concluding (1) that the police had a reasonable, articulable suspicion that “criminal activity was afoot”; (2) that the police did not have probable cause to arrest or search; and (3) that Collins did not abandon his jacket but that rather it was pulled off him by Officer Zagar. The trial court further concluded that the search of Collins’ jacket was illegal.
On appeal, the State agrees with the trial court’s finding that the officers had a reasonable suspicion that Collins had committed a crime. However, it challenges the trial court’s other conclusions. The State maintains that Collins’ apparent nervousness upon seeing the police, coupled with his running when they asked him to step away from the crowd, turned the officers’ reasonable suspicion into probable cause to search or arrest. Additionally, the State argues that by continuing to run after his jacket came off, Collins abandoned the jacket.
Initially we note that “a police officer may reasonably detain a citizen temporarily if the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime.” Popple v. State, 626 So.2d 185, 186 (Fla.1993). During such an investigatory stop, a suspect is required to stop and is not free to leave. See State v. Wimbush, 668 So.2d 280, 282 (Fla. 2d DCA 1996) (holding detention proper where officer had founded suspicion that suspects were involved in criminal activity); see also Siplin v. State, 795 So.2d 1010, 1011 (Fla. 2d DCA 2001) (noting that once consensual encounter was transformed into investigatory stop by show of police authority, appellant was required to stop and was not free to leave).
Based on the totality of the circumstances, as reflected in the record, we agree with the trial court’s conclusion that when the officers approached Collins and *726 asked him to step away from the group, they had the “reasonable suspicion” necessary to make an investigatory stop. See Burnette v. State, 658 So.2d 1170, 1171 (Fla. 2d DCA 1995) (“[O]ther factors are important to our assessment of whether the stop is reasonable. Of significance are the officer’s narcotics experience; the reputation of the location for drive-up transactions; the extended period of surveillance; and the history of previous multiple arrests from that site.”). Accordingly, Collins was not free to leave, and the police were well within their rights to grab hold of him, and his jacket, in order to stop him from fleeing.
The issue then becomes whether Officer Zagar’s search of Collins’ jacket was legal. We conclude that because Collins abandoned the jacket, the search was legal. The question of whether a person abandons property, in the context of forfeiting the right to complain of a search or seizure of it, involves a combination of action and intent and is subject to de novo review. O’Shaughnessy v. State, 420 So.2d 377, 378 (Fla. 3d DCA 1982). Here, it can be inferred by Collins’ action of leaving his jacket behind in an attempt to flee from police that he did not intend to return to retrieve it.
As such, the trial court erred in reaching the legal conclusion, based on these facts, that the search of Collins’ jacket was illegal, and we reverse.
Reversed.
NORTHCUTT and VILLANTI, JJ., Concur.