917 So.2d 1022 (2006)
Eric Vincent FERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1492.
District Court of Appeal of Florida, First District.
January 6, 2006.
*1023 Nancy A. Daniels, Public Defender; Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
Arguing that the trial court erroneously denied a dispositive motion to suppress, appellant seeks review of his conviction for felony driving while his license was revoked as an habitual traffic offender. We agree that it was constitutionally impermissible for the arresting officer to approach appellant and ask to see a driver's license after the officer had satisfied the purpose for which he had stopped the vehicle appellant was driving. Because this issue is dispositive of the case, we reverse and remand with directions that the trial court enter an order discharging appellant.
The material facts are not in dispute. As recited in appellant's motion to suppress, they are that:
Officer Richard Jensma called in the license registration plate of the vehicle being driven by [appellant] and was told that the driver's license of the female owner of the vehicle, Nicole Brandon, was suspended. Officer Jensma stopped the car on that basis, even though the driver was a man and the owner of the vehicle was a woman. Officer Jensma knew as soon as he saw the driver that he could not be Nicole Brandon, whose driver's license was suspended. [Appellant] told the officer that the vehicle was owned by Nicole Brandon. After a brief conversation about where [appellant] was going, Officer Jensma asked to see [appellant]'s driver's license and [appellant] admitted that his license was suspended and was arrested and given a criminal summons, since he had his small child with him, and the child was ill.
Appellant's motion to suppress his identity as the driver of the vehicle was based on the argument that it was obtained as the result of an unlawful and unreasonable detention in violation of the state and federal constitutions. He argued that "[o]nce the officer learned that Ms. Nicole Brandon was not at the wheel of the vehicle, his reason for the stop of the vehicle had ended and [appellant] should have been allowed to go on his way without being asked to produce his driver's license," relying on Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983), and State v. Diaz, 850 So.2d 435 (Fla.), cert. denied, 540 U.S. 1075, 124 S.Ct. 936, 157 L.Ed.2d 745 (2003). Following denial of the motion to suppress, appellant pleaded no contest, reserving his right to appeal that ruling. This appeal follows.
As appellant correctly argued in the trial court, the outcome of this issue is controlled by our supreme court's decision in Diaz. In Diaz, a police officer had stopped a vehicle because he could not read the expiration date on the temporary tag in the rear window. 850 So.2d at 436. As the officer approached the vehicle, he was able clearly to read the expiration date and found the tag to be valid. Id. However, the officer proceeded to make *1024 contact with the driver and to obtain information which led to the driver being charged with felony driving with a suspended license. Id. Assuming that the initial stop was legitimate, our supreme court held that once the officer had clearly determined the validity of the tag, the purpose for the stop was satisfied, and the continued detention of the driver was improper. Id. at 438-39. The court rejected the view that an officer may approach a driver and ask to see a driver's license and registration even after the officer has satisfied the initial purpose of the stop. Id. at 439. Instead, it concluded that once the officer had verified the validity of the temporary tag, the officer could make contact with the driver only to explain the reason for the initial stop. Id. at 440.
Here, the sole basis for the officer's stop of the vehicle appellant was driving was to determine whether the registered owner, a female, was driving. As in Diaz, it became apparent to the officer almost immediately that the purpose of the stop (i.e., to ascertain whether the female registered owner was driving) had been satisfied. Nevertheless, the officer engaged appellant in conversation, and requested his driver's license. These facts are substantively indistinguishable from those in Diaz. Accordingly, as in Diaz, the officer's questions violated appellant's constitutional rights, and we are constrained to reverse.
Appellant's no contest plea was entered pursuant to the decision in State v. Ashby, 245 So.2d 225 (Fla.1971), where our supreme court held that a defendant in a criminal case might plead no contest conditioned on the right to preserve for appellate review a question of law. The court subsequently narrowed that holding in Brown v. State, 376 So.2d 382, 384 (Fla. 1979), when it held that "an Ashby nolo plea is permissible only when the legal issue to be determined on appeal is dispositive of the case." We have since held on several occasions that "[a]n issue is dispositive only if, regardless of whether the appellate court affirms or reverses the lower court's decision, there will be no trial of the case." Morgan v. State, 486 So.2d 1356, 1357 (Fla. 1st DCA 1986). Accord Vaughn v. State, 711 So.2d 64, 65 (Fla. 1st DCA 1998); Wright v. State, 547 So.2d 258, 259 (Fla. 1st DCA 1989); Howard v. State, 515 So.2d 346, 348 (Fla. 1st DCA 1987). The issue raised by appellant clearly satisfies that test. Accordingly, we reverse appellant's conviction and remand with directions that the trial court enter an order discharging appellant.
REVERSED and REMANDED, with directions.
BROWNING and POLSTON, JJ., concur.