PER CURIAM.
In this direct criminal appeal, appellant seeks review of the trial court’s denial of his motion to suppress evidence seized as the result of a stop for a purported traffic infraction. Because no search warrant was issued, the state was obliged at the suppression hearing to demonstrate that the evidence sought to be suppressed *221 was lawfully obtained. See State v. Setzler, 667 So.2d 343, 345 (Fla. 1st DCA 1995). In its brief, the state concedes that it failed to establish at the suppression hearing that the officer had any objective reasonable basis to believe that appellant had committed a traffic infraction when he made the stop. We agree. See United States v. Chanthasouxat, 342 F.3d 1271 (11th Cir.2003). Accordingly, because the state failed to carry its burden, it was error to deny the motion to suppress. Because it is apparent that our holding is dispositive, we are constrained to reverse and remand with directions that the “Disposition Order” entered by the trial court following appellant’s conditional guilty plea be vacated, and that appellant be discharged. See Fla. R.App. P. 9.140(b)(2)(A)(i); Fernandez v. State, 917 So.2d 1022, 1024 (Fla. 1st DCA 2006).
REVERSED and REMANDED, with directions.
WEBSTER, VAN NORTWICK, and PADOVANO, JJ., concur.