954 So.2d 669 (2007)
Robert Allen ARMATAGE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-0893.
District Court of Appeal of Florida, First District.
April 11, 2007.
*670 Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Christine Ann Guard, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
In this direct criminal appeal, appellant challenges an order denying his motion to suppress evidence seized during the search of a truck he was driving. Because we conclude that the trial court erred as a matter of law when it concluded that the arresting officer had reasonable suspicion of criminal activity to justify his stop and detention of appellant and his passenger, we reverse.
The state correctly conceded in the trial court that the arresting officer detained appellant and his female passenger when he pulled up behind their truck and activated the red and blue lights on his patrol car. See, e.g., Brooks v. State, 745 So.2d 1113 (Fla. 1st DCA 1999) (activating flashing blue lights constitutes a show of authority amounting to an investigatory stop). In fact, the officer candidly testified that appellant and his passenger were not free to leave at that point. The state argues that the stop was valid because the officer had reasonable suspicion of criminal activity when he made it. A law enforcement officer "may briefly stop a moving automobile to investigate a reasonable suspicion that its occupants are involved in criminal activity." United States v. Hensley, 469 U.S. 221, 226, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985). However, to have a reasonable (or founded) suspicion, "the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity" based upon "the totality of circumstances." United States v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). In this case, the problem with the state's argument is that the arresting officer conceded that, when he made the stop, he did not have any reason to believe that appellant or his passenger had committed, or was about to commit, any crime. Moreover, our review of the record satisfies us that the arresting officer did not have any "particularized and objective basis" for suspecting that either appellant or his passenger was engaged in any criminal activity at the time of the stop.
Because, at the time of the stop, the arresting officer lacked reasonable suspicion that either appellant or his passenger was engaged in criminal activity, the trial court should have granted appellant's motion to suppress. See Graham v. State, 714 So.2d 1142 (Fla. 1st DCA 1998). Its failure to do so constituted reversible error. Moreover, because it is clear that the trial court's ruling on appellant's motion to suppress was dispositive, see, e.g., Brown v. State, 376 So.2d 382, 384 (Fla.1979); State v. Ashby, 245 So.2d 225 (Fla.1971); Fernandez v. State, 917 So.2d 1022, 1024 (Fla. 1st DCA 2006), we reverse appellant's conviction and remand with directions that the trial court enter an order discharging appellant.
*671 REVERSED and REMANDED, with directions.
ALLEN and ROBERTS, JJ., concur.