970 So.2d 463 (2007)
John SIMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1859.
District Court of Appeal of Florida, Second District.
December 12, 2007.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
In this appeal from a conviction for driving while license revoked (habitual traffic offender), defendant John Simpson challenges the denial of his dispositive motion to suppress. Because we conclude that the motion to suppress should have been granted, we reverse.
The defendant was driving his wife's vehicle when he was stopped by a police officer. The defendant's wife, Sherrie Lynn Simpson, was riding in the passenger seat. The defendant was driving with a revoked license, and he was therefore arrested. In his motion to suppress, the defendant asserted that the stop was illegal. He contended that the officer stopped the vehicle on the basis that the tag should be seized if the owner, Sherrie Lynn Simpson, was the driver and that the officer could not have mistaken him for Sherrie Lynn Simpson.
At the hearing on the motion to suppress, the officer testified that he observed the vehicle being driven and that he ran the tag. He discovered an "FCIC warning that indicated that the registered owner *464 had a suspended license for a Financial Responsibility for failure to maintain insurance on the vehicle. At that time [he] conducted a traffic stop. . . ." The officer stated that he "had reason to believe that there was no insurance on the vehicle because of the FCIC warning." He stated that the vehicle was registered to "a Ms. Sherr[ie] Lynn Simpson" but that he could tell that the driver was a white male and that the passenger was a white female. According to the officer, he first made contact with the vehicle to "confirm . . . whether or not there was insurance on the vehicle, because of the FCIC hit." On cross-examination, the officer stated that the vehicle was registered to a woman and that he was aware that a man was driving when he approached the vehicle.
The trial court entered a written order denying the motion, finding that "[t]he State of Florida had been notified that the registered owner no longer carried insurance coverage on the vehicle to which the tag was assigned" and that "insurance coverage for the vehicle was still an open question when the driver was asked to produce his license and proof of insurance." The defendant entered a no contest plea to the charge, reserving his right to appeal the denial of the dispositive motion to suppress. He was placed on thirty months' probation.
On appeal, the defendant claims that the officer had no reasonable suspicion that a crime was being committed because although the officer learned that the female owner did not have insurance on the vehicle, he could tell that the driver of the car was a male before he approached the vehicle. The defendant argues that the officer had no reason to suspect that he was driving illegally or without personal insurance coverage.
"When a trial court's ruling on a motion to suppress is reviewed on appeal, the trial court's findings of historical fact are reviewed under a deferential standard, but the trial court's determinations on mixed questions of law and fact and its legal conclusions are subject to de novo review." State v. Hendrex, 865 So.2d 531, 533 (Fla. 2d DCA 2003). The facts in this case are undisputed; therefore, the issue is one of law.
The defendant cites State v. Diaz, 850 So.2d 435 (Fla.2003), and Fernandez v. State, 917 So.2d 1022 (Fla. 1st DCA 2006). In Diaz, 850 So.2d at 437, 440, the Florida Supreme Court held that an officer, who had pulled over a vehicle because he could not read the tag, no longer had justification for continuing the stop and asking for identification once he was able to observe, upon approaching the vehicle, that the tag was proper. In Fernandez, 917 So.2d at 1023-24, the officer did not have reasonable suspicion to continue the stop of a vehicle owned by a woman whose license was suspended when the officer realized that the driver was a man. In both cases, the purpose of the stop was satisfied before the officers asked the drivers for identification.
In order for the vehicle in this case to be in compliance with Florida's Financial Responsibility Law, Sherrie Lynn Simpson, as owner of the vehicle, was required to have it insured if she or another person was operating it, see § 324.151(1)(a), Fla. Stat. (2005), unless that other person operating it had personal insurance coverage for the operation of any vehicles not owned by him, see § 324.151(1)(b). See also § 324.031 (providing that an owner or operator of a vehicle may show compliance with the financial responsibility law in four ways, including by furnishing proof of holding an owner's or operator's motor vehicle liability insurance policy). Even though the officer had reason to suspect that Sherrie Lynn Simpson did not have *465 insurance coverage for the vehicle, the officer had no reason to suspect that the driver himself did not have the necessary insurance to operate the vehicle.
"For a reasonable suspicion to exist, `the detaining officer[] must have a particularized objective basis for suspecting the particular person stopped of'" violating the law. Hendrex, 865 So.2d at 534 (quoting United States v. Cortez, 449 U.S. 411, 411-12, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). Once the officer was able to determine before approaching the vehicle that the driver was not female, the purpose of the stopi.e., to ascertain whether the owner was driving the vehicle without insurancehad been satisfied. See Diaz, 850 So.2d at 437; Fernandez, 917 So.2d at 1024. At that point, the officer had no objective basis to suspect that the driver was operating the car without insurance in violation of the financial responsibility law.
Therefore, the trial court erred in denying the defendant's motion to suppress. Accordingly, we reverse the judgment and order of probation and remand with directions to discharge the defendant.
NORTHCUTT, C.J., and SALCINES, J., Concur.