15 So.3d 870 (2009)
J.C., Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-4415.
District Court of Appeal of Florida, Second District.
July 31, 2009.
*871 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
In this juvenile delinquency case, J.C. challenges his adjudication for the delinquent acts of possession of marijuana and possession of paraphernalia, arguing that the trial court erred in denying his motion to suppress. We agree and reverse.
The charges against J.C. stem from an encounter he had with police while he was riding his bicycle on a bike path that runs parallel to a roadway. At the hearing on J.C.'s motion to suppress the physical evidence, the arresting officer testified that upon seeing J.C. riding his bike in "a high crime area," he and the officer with whom he was riding "pulled along and asked to approach [J.C.]." There is no indication in the record of how J.C. responded. The officer went on to testify that he pulled the car over and "walked out towards the bike path where [J.C.] was at. We were in front of him. We had our range vests on, badge and made consensual contact with him." When asked on direct examination what he said to J.C. to make contact with him, the officer testified, "We just asked him what he was doing." However, on redirect, when asked, "Did you order him to stop when you saw him," the officer testified, "I don't remember exactly what I said to him. I just said, `Hey, I've got to talk to you for a minute. Hang on.' But he could have drove off at any time."[1] Regarding whether J.C.'s way was blocked so that he could not leave, the officer testified on cross-examination, "We pulled [the car] up a ways in front of him, and we get out of the vehicle and we go to the path." J.C. did not testify at the suppression hearing.
*872 On appeal, J.C. argues that the trial court erred in denying his motion to suppress because the officers illegally detained J.C. without the necessary reasonable suspicion by blocking his path of travel and ordering him to "hang on." Although we conclude that the evidence presented below does not support J.C.'s contention that the officers blocked his path, we do agree that the officers illegally detained J.C.
When reviewing a motion to suppress, the trial court's factual findings must be affirmed if supported by competent, substantial evidence, Caso v. State, 524 So.2d 422 (Fla.1988), while the trial court's application of the law to those facts is reviewed de novo, Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). Here, the trial court made the factual finding that the stop was consensual. This finding, however, is not supported by the facts.
The arresting officer testified that he told J.C., "Hey, I've got to talk to you for a minute. Hang on." Considering the totality of the circumstancesthat two officers wearing range vests and badges pulled over, exited their car, and while approaching J.C., told him to "hang on"  such statement amounts to an order and a show of authority. See Caldwell v. State, 985 So.2d 602, 606 (Fla. 2d DCA 2008) (applying a totality-of-the-circumstances test to the issue of whether law enforcement's conduct amounted to "a show of authority that would have caused a reasonable person to believe that he was not free to terminate the encounter").
[A] "citizen encounter becomes an investigatory... stop[ ] once an officer shows authority in a manner that restrains the defendant's freedom of movement such that a reasonable person would feel compelled to comply." Parsons v. State, 825 So.2d 406, 408 (Fla. 2d DCA 2002). In short, an investigatory stop occurs when a "reasonable person would not feel free to leave." Hrezo v. State, 780 So.2d 194, 195 (Fla. 2d DCA 2001).
Rios v. State, 975 So.2d 488, 490 (Fla. 2d DCA 2007) (second alteration in original).
We conclude that a reasonable person would not feel free to walk away but rather would feel compelled to comply with a police officer's command, "I've got to talk to you for a minute. Hang on." As such, we conclude that this was an investigatory stop for which reasonable suspicion of the commission of a crime is necessary. See Popple v. State, 626 So.2d 185, 186 (Fla. 1993) ("The second level of police-citizen encounters involves an investigatory stop. ... At this level, a police officer may reasonably detain a citizen temporarily if the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime."). It is undisputed here that the officers had no such suspicion. As such, the stop was illegal.
Accordingly, we reverse the trial court's disposition order and remand with instructions to grant J.C.'s motion to suppress.
Reversed.
LaROSE and KHOUZAM, JJ., Concur.
NOTES
[1] The officer's testimony is vague as to whether this statement was made while the officers were still in their car or after they exited the car and were approaching J.C. on foot. However, in each parties' respective closing argument, the attorneys both suggest that the contact was made after the officers parked and exited their vehicle.